**RECEIVED**

MAR 1 4 2017

RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

IN UNITED STATES DISTRICT COURT

FOR SOUTHERN DISTRICT OF OHIO

PURSUANT LOCAL RULE 41.1 THIS PETITION SHOULD BE DOCKETED WITH CHIEF

JUDGE EDMUND A. SARGUS JR.

1ST. AMENDMENT PETITION UNDER 28 U.S.C. § 1651

THIS PETITION SHALL HAVE PRIORITY SCHEDULING PURSUANT 28 U.S.C. § 1657

28 U.S.C. §1651 ALL WRITS ACT/ OR OTHER WRIT PROVIDING REMEDY

PETITION FOR O.R.C. 2731.06

PEREMPTORY WRIT OF MANDAMUS IN FIRST INSTANCE (WITHOUT NOTICE)

PURSUANT 28 U.S.C. § 636 (b) (1) (A) THIS PETITION FOR JUDGMENT ON THE

PLEADINGS SHALL BE REVIEWD BY THE DISTRICT JUDGE ONLY

### INTRODUCTION

2:17CV0213

Judge Smith

MAGISTRATE JUDGE KEMP

NOW COME THE RELATORS, and hereby aver as follows:

A document filed Pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (S Ct. 2007).

As the Court unanimously held in Haines v. Kerner, 404 U. S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal

pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "

`beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief. See Estelle v. Gamble, 429 US 97, 106 – 9S. Ct. 1976).

Federal Rules of Civil Procedure (8) (e) provides:

Construing Pleadings. Pleadings must be construed so as to do justice.

## I.     JURISDICTION/CAUSE OF ACTION/ AND VENUE

**Each and every paragraph/ statement is incorporated as if fully written herein.**

This action is brought under this District Court 28 U.S.C. § 1343 (3) jurisdiction as exercised

and enforced in accordance with 42 U.S.C. § 1988 pursuant to 42 U.S.C. § 1983 Cause of Action

of holding liable State Actors (in official capacity) ; Ohio Bureau of Workers' Compensation:

Administrator Stephen Buehrer & Board of Directors (hereinafter collectively BWC) in redress

for depriving Cornelius Clemons' (hereinafter Clemons) of his 42 U.S.C. § 1981 Right to

Enforce Contract for the security of property; and thus also U.S. Cons. Fourteenth Amendment

Due Process, under the Color of Law, through their (BWC) usage of Ohio Civil Rules of

Procedure 12 (B) (6) (Motion to Dismiss) in Ohio Supreme Court Case No. 2014-1138.

Venue of this action is appropriate pursuant 28 U.S.C. § 1391 (b) (2) & (c) (2). This District

Court has Person & Subject Matter jurisdiction of State Actor BWC pursuant 28 U.S.C. § 1343

(3) & 42 U.S.C. § 1983 as provided by Congress under Congress's U.S. Cons. Fourteenth

Amendment § 5 powers to enforce the provisions of § 1 of U.S. Cons. Fourteenth Amendment.

Pursuant to 28 U.S.C. § 1657 this Petition shall have priority of civil actions and shall receive

expedited consideration upon the basis that this Petition seeks Redress of the Deprivation of: Due

Process of Law, and the Deprivation of Equal Rights' 42 U.S.C. § 1981 Right to Enforce

Contract; from the actions of State Actors BWC depriving Clemons said Due Process and 42

U.S.C. § 1981 Right to Enforce Contract; wherefore, this Petition seeks the Maintenance of U.S.

Constitution Fifth & Fourteenth Amendment this Petition shall have expedited consideration.

Pursuant to 28 U.S.C. § 1651 & 42 U.S.C. § 1981 in accordance with 42 U.S.C. § 1988 this

District Court has the Right and Duty to issue O.R.C. 2731.06 Peremptory Writ of Mandamus (in

first instance & without notice) in fulfillment of the requested relief pursuant the U.S. Cons. Fifth

Amendment Due Process Clause; and whereas, the State Actors BWC does not have Due

Process protections, this Court in accordance with Due Process must make immediate issuance

of the requested relief.

## U. S. Constitution 14th Amendment Sections 1 & 5 respectively provides:

SECTION 1.

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are

citizens of the United States and of the State wherein they reside. No State shall make or enforce

any law which shall abridge the privileges or immunities of citizens of the United States; nor

shall any State deprive any person of life, liberty, or property, without due process of law; nor

deny to any person within its jurisdiction the equal protection of the laws.

SECTION 5.

The Congress shall have the power to enforce, by appropriate legislation, the provisions of

this article.

## U. S. Constitution 5th Amendment relevant portion provides:

No person shall be deprived of life, liberty, or property, without due process of law; nor shall

private property be taken for public use, without just compensation.

## 28 U.S. Code § 1343 - Civil rights and elective franchise (3) provides:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

**42 U.S. Code § 1983 - Civil action for deprivation of rights provides**:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**42 U.S. Code § 1988 - Proceedings in vindication of civil rights provides**:

(a) Applicability of statutory and common law:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such

laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

**Title 24 of the Revised Statutes, referred to in subsec. (a), was in the original "Title 'CIVIL RIGHTS,' " meaning title 24 of the Revised Statutes, consisting of R.S. §§1977 to 1991, which are classified to sections 1981 to 1983**, 1985 to 1987, and 1989 to 1994 of this title. For complete classification of R.S. §§1977 to 1991 to the Code, see Tables. *See also title 28— judiciary and judicial Procedure Reference Text 2nd Paragraph.*

***Emphasis Added***

<u>28 U.S. Code § 1391 - Venue generally (b) (2) & (c) (2) respectively provides</u>:

(b)Venue in General.—A civil action may be brought in—

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated

(c)Residency.—For all venue purposes—

(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to

the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business

<u>28 U.S. Code § 1657 - Priority of civil actions provides</u>:

(a) Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit.

(b) The Judicial Conference of the United States may modify the rules adopted by the courts to determine the order in which civil actions are heard and determined, in order to establish consistency among the judicial circuits.

<u>28 U.S. Code § 1651 - Writs provides</u>:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

<u>42 U.S.C. §1981. Equal rights under the law provides</u>:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

**ORC 2731.01 Mandamus defined provides**:

Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

**ORC 2731.06 Peremptory writ in first instance provides**:

When the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus. In all other cases an alternative writ must first be issued on the allowance of the court, or a judge thereof.

## II.    PARTIES

**Each and every paragraph/ statement is incorporated as if fully written herein.**

(1) Clemons is a United States citizen; and a citizen and resident of the State of Ohio.

(2) Relator Clemons is the Relator in Ohio Supreme Court case no. 2014-1138 and is a claimant of the Ohio Workers' Compensation State Fund.

(3) Respondent BWC is the Respondent in Ohio Supreme Court case no. 2014-1138 and is an agent of the state of Ohio that administrates the Ohio Workers' Compensation State Fund and has the ministerial duties of making payments to claimants as provided by O.R.C. 4123-3-10 (Awards).

<u>O.R.C. 4123-3-10 (Awards) in its relative portions provides</u>:

(A) Compensation check issuance, delivery and endorsement.

(1) Definition of claimant.

As used in this rule the word "claimant" shall apply to an employee who sustained an injury or contracted an occupational disease in the course of and arising out of employment, to the dependent of a deceased employee, as well as to any person who was awarded compensation under the Ohio Workers' Compensation Act.

(2) Time limit for issuance.

(a) Any order, finding or decision of the bureau, the industrial commission, or its hearing officers wherein payment of compensation is to be made shall be promptly forwarded to the appropriate department of the bureau charged with the duty of making the payment, or in the case of a self-insuring employer to the personnel of such employer charged with the disbursement of funds in industrial claims.

### III.    **FACTS & FACTUAL BACKGROUND**

**Each and every paragraph/ statement is incorporated as if fully written herein.**

(4) In the latter part of 2010, Clemons was employed with Kenco Logistics as an operator of a several ton industrial vehicle called a Clamp-lift; with the duties of moving appliances for storage and distribution.

(5) In the course of Clemons' employment with Kenco Logistics; a fellow employee while performing his employment duties and operating the same sort of industrial vehicle accidentally collided with Clemons in a T-bone collision while Clemons was operating his industrial vehicle in the course of his employment. See Appendix (6).

(6) Due of the accidental T-bone collision; Clemons has sustained numerous injuries inclusive of medical conditions of Myofascial Pain Syndrome, Fibromyalgia, Spinal Curvature, Disc Desiccation, Multi-Level Disc Degeneration Disease in the Cervical, Thoracic, and Lumbar spinal regions, Pinched Nerve, moderate Arthritis and Inflammation in throughout the body greater in neck, arm, and hip areas, Permanent Hip Joint Sprang from non-treatment and etc. Clemons medical injures has cause him loss of income, loss of scholastic opportunity, loss of the ability to maintain gainful employment and etc. See Appendix (8).

(7) Clemons medical injures has cause him loss of income, loss of scholastic opportunity, loss of the ability to maintain gainful employment and etc.; And at current his health condition worsens from lack of financial ability to aid in the care of his health. See Appendix (8).

(8) As a result of Clemons having been accidently injured in said T-bone collision; Clemons became a claimant of Ohio Workers Compensation; particularly a State Fund claimant. See Appendix (6).

(9) Clemons was provided a claim number and policy number in relation to his being a claimant to Ohio Workers Compensation. See Appendix (6).

(10) Clemons employer at the time of incident; Kenco Logistics, is recorded as having been insured by the State of Ohio. See Appendix (6).

(11) Ohio Constitution Article II § 35 is the State Legislation that arranges between; the State of Ohio, the Employer, and the Employee, who has been accidentally injured in the course of their employment; the exchange of; the Employee's right to sue for injuries or damages occurring in the course of employment at common law or statute law; for the right to compensation for all injuries or damages. See Appendix (5).

(12) State's Workers Compensation Acts, for which provide as an exclusive remedy for Employees accidentally injured in the course of their employment have been interpreted as State Quid Pro Quo legislation for which the injured employee is entitle to moderate compensation in all cases of injury, and has a certain and speedy remedy without the difficulty and expense of establishing negligence or proving the amount of damages. See Lockheed Aircraft Corp. v. United States, 460 US 190, 194 (S. Ct.1983); See Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 US 59, 93 (S. Ct. 1978); & See New York Central R. Co. v. White, 243 US 188, 201 (S. CT. 1917).

(13) Despite numerous attempt by Clemons; to receive compensation under statutes promulgated under Ohio Constitution Article II § 35; Clemons was not able to receive his compensation.

(14) Clemons then attempted to file a Breach of Contract claim in the Common Pleas Court of Franklin County; this Claim was dismissed; and then subsequently appealed by Clemons to Ohio's 10th District Appeals Court; where the dismissal was affirmed. See Appendix (2).

(15) Clemons also petitioned the Ohio's 10th District Appeals Court for Mandamus under Common Law; Contract Enforcement, for which was dismissed See Appendix (2).

(16) Clemons, next, on July 8, 2014 invoked the Original jurisdiction of the Ohio Supreme Court in Case No. 2014-1138; and under 42 U.S.C. § 1981 sought to Enforce Contract for the security of his $1,829,078.00 monetary property arising under Ohio Constitution Article II § 35 through an O.R.C. 2731.06; 07 Peremptory Writ of Mandamus. See Appendix (1).

(17) On August 1, 2014, in Ohio Supreme Court Case No. 2014-1138; in response to Clemons' petition for Writ of Mandamus under 42 U.S.C. § 1981 for the Enforcement of Contract; the Respondent BWC filed an Ohio Civil Rules of Civil Procedure 12 (B) (6) Motion to Dismiss. See Appendix (2).

(18) On August 8, 2014, in Ohio Supreme Court Case No. 2014-1138; Clemons replied to the Respondent BWC's Motion to Dismiss; clarifying that his Mandamus Petition is an Original action in Mandamus, and that 42 U.S.C. § 1981 and Title 1 Ohio Civil Rules of Civil Procedure 1 (C) (2) precludes the Respondent BWC usage of Ohio Civil Rules of Civil Procedure 12 (B) (6) Motion to Dismiss. See Appendix (3).

(19) On September 24, 2014, in Ohio Supreme Court Case No. 2014-1138; the Ohio Supreme Court dismissed Clemons' petition for Writ of Mandamus upon the Respondent BWC's Ohio Civil Rules of Civil Procedure 12 (B) (6) Motion to Dismiss. See Appendix (4).

(20) The dismissal of Ohio Supreme Court Case No. 2014-1138 by the Ohio Supreme Court was done without a Hearing or Trial for the appropriation of Clemons' property rights under Ohio Constitution Article II § 35; nor was any hearing or trial conducted.

(21) Clemons then filed in Ohio Supreme Court Case No. 2014-1138 a request for Reconsideration, and a Motion to Strike the Pleadings of the Respondent, stating violation

of U.S. Constitution Fourteenth Amendment; to which the Court respectively on November 19, 2014 & November 24, 2014 declined.

(22) BWC and the Ohio Supreme Court denied Clemons of his 42 U.S.C. § 1981 right to Enforce Contract for the Security of his property and the Due Process procedure of a meaningful Hearing.

(23) On Dec 17, 2014, in 6th Circuit Court of Appeals' Case No. 14-4243; Clemons petitioned the 6th Circuit Court of Appeals for a Writ of Mandamus, Habeas Corpus, and Declaratory Judgment/ Relief under 1866 Civil Rights Act §§ 3 & 1 for the purpose of enforcing Ohio Constitution Article II § 35 for the security of his $1,829,078.00 monetary property. See 6th Circuit Court of Appeals' Case No. 14-4243.

(24) On February 23, 2015, the Court dismissed Clemons' claim for Habeas Corpus relief, and his petition for Writ of Mandamus; but did provide Declaratory Relief in stating, "Clemons has an adequate alternative remedy that renders mandamus relief inappropriate—he may file an action in the district court seeking the relief he seeks in this petition, and he may appeal any final adverse decision from that proceeding to this court". See 6th Circuit Court of Appeals' Case No. 14-4243.

(25) On March 18, 2015, in the District Court for Southern Ohio in Case No. 2:15-CV-964; Clemons petitioned the District Court for a Writ of Mandamus, Habeas Corpus, and Declaratory Judgment/ Relief under 1866 Civil Rights Act §§ 3 & 1 for the purpose of enforcing Ohio Constitution Article II § 35 for the security of his $1,829,078.00 monetary property.

(26) On May 15, 2015, in District Court Case No. 2:15-CV-964; the Magistrate Kemps' Report/ Recommendation/ Order (hereinafter R/R/O) cognizant that the Eleventh

Amendment barred Clemons petition for Mandamus against Respondent (State Actors) BWC, and recommended dismissal of Clemons' complaint under 28 U.S.C. § 1915 (e) (2) for failure to state a claim upon which relief may be granted.

(27) On May 29, 2015, in District Court Case No. 2:15-CV-964; Clemons filed and objection to Magistrate Kemp's May 15, 2015 R/R/O; claiming that 1866 Civil Rights Act § 3 abrogated the State Immunity of BWC.

(28) On January 4, 2016, in District Court Case No. 2:15-CV-964; the District Court's Chief Judge Edmund A. Sargus Jr. adopted the Recommendations of Magistrate Kemp; and dismissed Clemons' complaint under 28 U.S.C. § 1915 (e) (2) for failure to state a claim upon which relief may be granted.

(29) Clemons' complaint inclusive of his petition for Writ of Mandamus in District Court Case No. 2:16-CV-964 was dismissed without a Trial or Hearing.

(30) Clemons appealed to the 6th Circuit Court of Appeals in Case No. 16-3095; raising the issues in the Informal Brief that 1866 Civil Rights Act §§ 3 & 1 should have abrogated BWC's state immunity pursuant U.S. Cons. Fourteenth and Fifth Amendment Due Process Clause.

(31) On August 18, 2016, in 6th Circuit Court of Appeals Case No. 16-3095, the 6th Circuit Court of Appeals affirmed the District Court decision.

(32) On September, 02, 2016, in District Court Case No. 2:16-CV-846, Clemons petitioned the District Court under its 28 U.S.C. 1343 § 3 jurisdiction, claiming State violation of Fourteenth Amendment Due Process; and that under Federal Statues 42 U.S.C. §§ 1981 & 1988 pursuant to O.R.C. 2731.06 Peremptory Writ of Mandamus (in first instance) the District Court must make immediate issuance of Writ of Mandamus compelling BWC to

make payment of Clemons 1,829,078.00 monetary property arising under Ohio Constitution Article II § 35 consistent with Due Process. See District Court Case No. 2:16-CV-846.

(33) On February 17, 2017, the District Court Judge dismissed Clemons' petition as barred by the doctrine of Res Judicata. See District Court Case No. 2:16-CV-846.

## IV. CAUSE OR ACTION

42 U.S.C. § 1983 provides a Cause of Action against State Actor BWC for Under Color of State Law; subjecting Clemons and/or causing Clemons to be subjected to the deprivation of his 42 U.S.C. § 1981 Right to Enforce Contract and thus also Clemons U.S. Cons. Fifth Amendment Right to Due Process as applied to States through the U.S. Cons. Fourteenth Amendment; and is thusly liable to Clemons in this an action for redress.

## V. STATEMENT OF CASE

**Each and every paragraph/ statement is incorporated as if fully written herein.**

On July 8, 2014 Clemons invoked the Original jurisdiction of the Ohio Supreme Court in Case No. 2014-1138. Jurisdiction of the Ohio Supreme Court was appropriate pursuant to Ohio Constitution Article IV: § 2 (B) (1) (b) & (3). Clemons under 42 U.S.C. § 1981 sought to Enforce Contract for the security of his $1,829,078.00 monetary property arising under Ohio Constitution Article II § 35 through an O.R.C. 2731.06; 07 Peremptory Writ of Mandamus. See Appendix **(1).**

On August 1, 2014, in Ohio Supreme Court Case No. 2014-1138; in response to Clemons' petition for Writ of Mandamus under 42 U.S.C. § 1981 for the Enforcement of Contract; the Respondent BWC filed an Ohio Civil Rules of Civil Procedure 12 (B) (6) Motion to Dismiss. See Appendix (2).

On August 8, 2014, in Ohio Supreme Court Case No. 2014-1138; Clemons replied to the Respondent BWC's Motion to Dismiss; clarifying that his Mandamus Petition is an Original action in Mandamus, and that 42 U.S.C. § 1981 and Title 1 Ohio Civil Rules of Civil Procedure 1 (C) (2) precludes the Respondent BWC usage of Ohio Civil Rules of Civil Procedure 12 (B) (6) Motion to Dismiss. See Appendix (3).

On September 24, 2014, in Ohio Supreme Court Case No. 2014-1138; the Ohio Supreme Court dismissed Clemons' petition for Writ of Mandamus upon the Respondent BWC's Ohio Civil Rules of Civil Procedure 12 (B) (6) Motion to Dismiss. See Appendix (4).

The dismissal of Ohio Supreme Court Case No. 2014-1138 by the Ohio Supreme Court was done without a Hearing or Trial for the appropriation of Clemons' property rights under Ohio Constitution Article II § 35; nor was any hearing or trial conducted; thusly as a result of BWC's Ohio Civil Rules of Civil Procedure 12 (B) (6) Motion to Dismiss; Clemons was deprived of his 42 U.S.C. § 1981 Right to Enforce contract for the security of his property, and deprived of his property arising under Ohio Constitution Article II § 35 without Due Process.

Pursuant 42 U.S.C. § 1983, Clemons' has a Cause of Action and the legal right to hold liable State Actors BWC, in their official capacity, in this District Court's 28 U.S.C. § 1343 (3) jurisdiction for BWC's actions of depriving Clemons of: his Equal Right of 42 U.S.C. § 1981, and his U.S. Cons. Fourteenth Amendment right to Due Process

Clemons now seeks redress of the deprivations of his; 42 U.S.C. § 1981 Right to Enforce for the security of his property, and U.S. Cons. Fourteenth Amendment Due Process; for which said deprivation caused Clemons  to be unconstitutionally deprived of his $1,829,078 monetary property since September 24, 2014.

Clemons in this District Court's 28 U.S.C. § 1343 (3) jurisdiction as exercised and enforced

in accordance with 42 U.S.C. § 1988 seeks redress pursuant 42 U.S.C. § 1983 for the issuance of

O.R.C. 2713.06 Peremptory Writ of Mandamus (in first instance & without notice) under 42

U.S.C. § 1981 to enforce Quid Pro Quo Legislation Ohio Constitution Article II § 35 for the

security of Clemons' $1,829,078.00 monetary property, and to enforce O.R.C. 1343.03 (A)

(Prejudgment Interest) and O.R.C. 1343.03 (B) (Post-judgment Interest) pursuant to O.R.C.

2305.07  (Contract not in writing –Statutory Liability) for the security of Clemons' monetary

property of Prejudgment Interest as from the date of September 24, 2014 until entry of this

District Court's Judgment (as calculated by this District Court); and Post-judgment Interest as

from the date of this District Court's Judgment until date of payment (as calculated by BWC) .

## VI.    **CLAIM FOR RELIEF**

**Each and every paragraph/ statement is incorporated as if fully written herein.**

This action is brought under this District Court 28 U.S.C. § 1343 (3) jurisdiction as exercised

and enforced in accordance with 42 U.S.C. § 1988 pursuant to 42 U.S.C. § 1983 Cause of Action

of holding liable State Actors BWC (in official capacity) in redress for depriving Cornelius

Clemons' (hereinafter Clemons) of his 42 U.S.C. § 1981 Right to Enforce Contract for the

security of property; and thus also U.S. Cons. Fourteenth Amendment Due Process, under the

Color of Law, through their (BWC) usage of Ohio Civil Rules of Procedure 12 (B) (6) (Motion

to Dismiss) in Ohio Supreme Court Case No. 2014-1138 for which deprived Clemons of his

$1,829,078.00 monetary property; for which Clemons now in Redress under 42 U.S.C. § 1981

seeks to enforce Quid Pro Quo Legislation Ohio Constitution Article II § 35 for the security of

Clemons' $1,829,078.00 monetary property, and to enforce O.R.C. 1343.03 (A) (Prejudgment

Interest) and O.R.C. 1343.03 (B) (Post-judgment Interest) pursuant to O.R.C. 2305.07  (Contract

not in writing –Statutory Liability) for the security of Clemons' monetary property of

Prejudgment Interest as from the date of September 24, 2014 until entry of this District Court's

Judgment (as calculated by this District Court); and Post-judgment Interest as from the date of

this District Court's Judgment until date of payment (as calculated by BWC).

(34) The Fourteenth Amendment withdrew from the States powers theretofore enjoyed by them to an extent not yet fully ascertained, or rather, to speak more accurately, limited those powers and restrained their exercise. There is no doubt of the duty of this court to enforce the limitations and restraints whenever they exist, and there has been no hesitation in the performance of the duty. See Twining v. New Jersey, 211 US 78, 92 (1908).

(35) As the legislative debates reveal, one of the primary purposes of many members of Congress in supporting the adoption of the Fourteenth Amendment was to incorporate the guaranties of the Civil Rights Act of 1866 in the organic law of the land. See Jett v. Dallas Independent School Dist., 491 US 701, 722 (1989)

(36) As we have noted in the past, the first section of the 1866 Act "constituted an initial blueprint of the Fourteenth Amendment."*General Building Contractors Assn., Inc. v. Pennsylvania, 458 U. S. 375, 389 (1982)*. Many of the Members of the 39th Congress viewed § 1 of the Fourteenth Amendment as "constitutionalizing" and expanding the protections of the 1866 Act and viewed what became § 5 of the Amendment as laying to rest doubts shared by both sides of the aisle concerning the constitutionality of that measure. See Jett v. Dallas Independent School Dist., 491 US 701, 721 (1989).

## VII.    ALLEGATIONS SUPPORTING CLAIM FOR RELIEF

**Each and every paragraph/ statement is incorporated as if fully written herein.**

## VIII (A). JURISDICTION

(37) The Eleventh Amendment Doctrine of State Immunity is not applicable to this Petition

wherefore; Ohio's has Consented to suit pursuant Congress' U.S. Cons. Fourteenth

Amendment § 5 powers of enforcing, by appropriate legislation, the provision of the U.S.

Cons. Fourteenth Amendment; thusly this District Court pursuant 28 U.S.C. § 1343 (3)

and 42 U.S.C. § 1983 has the appropriate jurisdiction to provide Redress for Clemons and

hold Liable State Actor BWC (in official capacity).

(38) Neither the words of § 1343 (3) nor the legislative history of that provision distinguishes

between personal and property rights. In fact, the Congress that enacted the predecessor

of §§ 1983 and 1343 (3) seems clearly to have intended to provide a federal judicial

forum for the redress of wrongful deprivations of property by persons acting under color

of state law. This Court has traced the origin of § 1983 and its jurisdictional counterpart

to the Civil Rights Act of 1866, 14 Stat. 27. *Adickes* v. *Kress & Co.,* 398 U. S. 144, 162-

163;*Monroe* v. *Pape,* 365 U. S. 167, 171, 183-185. That Act guaranteed "broad and

sweeping . . . protection" to basic civil rights. *Sullivan* v. *Little Hunting Park,* 396 U. S.

229, 237. Acquisition, enjoyment, and alienation of property were among those

rights. *Jones* v. *Mayer Co.,* 392 U. S. 409, 432. See also Lynch v. Household Finance

Corp., 405 US 538, 543-544 (S. Ct. 1972)

(39) Section 1983 was originally § 1 of the Civil Rights Act of 1871. 17 Stat. 13. It was

"modeled" on § 2 of the Civil Rights Act of 1866, 14 Stat. 27 and was enacted for the

express purpose of "enforcing the Provisions of the Fourteenth Amendment." 17 Stat. 13.

The predecessor of § 1983 was thus an important part of the basic alteration in our federal

system wrought in the Reconstruction era through federal legislation and constitutional

amendment. As a result of the new structure of law that emerged in the post-Civil War era—and especially of the Fourteenth Amendment, which was its centerpiece—the role of the Federal Government as a guarantor of basic federal rights against state power was clearly established. *Monroe* v. *Pape,* 365 U. S. 167; *McNeese* v. *Board of Education,* 373 U. S. 668; *Shelley* v.*Kraemer,* 334 U. S. 1; *Zwickler* v. *Koota,* 389 U. S. 241, 245-249; H. Flack, The Adoption of the Fourteenth Amendment (1908); J. tenBroek, The Anti-Slavery Origins of the Fourteenth Amendment (1951). Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation. It is clear from the legislative debates surrounding passage of § 1983's predecessor that the Act was intended to enforce the provisions of the Fourteenth Amendment "against State action, . . . whether that action be executive, legislative, or *judicial.*" *Ex parte Virginia,* 100 U. S. 339, 346 (emphasis supplied). Proponents of the legislation noted that state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights. Mitchum v. Foster, 407 US 225, 239-240 (S. Ct. 1972).

## VIII (B). CLEMONS' PROPERTY RIGHTS UNDER OHIO CONS. ARTICLE II § 35

(40) Ohio Constitution Article II § 35 is the State Legislation that arranges between; the State of Ohio, the Employer, and the Employee, who has been accidentally injured in the course of their employment; the exchange of; the Employee's right to sue for injuries or damages occurring in the course of employment at common law or statute law; for the right to compensation for all injuries or damages. See Appendix (5).

(41) Clemons requests this United States District Court to have judicial cognizance of Public Act Ohio Constitution Article II § 35. See Appendix (5).

(42) Clemons requests this United States District Court to have judicial cognizance of Clemons' Documented Record of Work Injury and subsequent standing as a Claimant of Ohio Workers' Compensation. See Appendix (6).

(43) Clemons requests this United States District Court to have judicial cognizance of Clemons Property Rights under Ohio Constitution Article II §35. See Appendix (7).

(44) Clemons requests this United States District Court to have judicial cognizance of Clemons Medical and Health conditions for which supports Clemons' property rights under Ohio Constitution Article II § 35. See Appendix (8).

(45) State's Workers Compensation Acts, for which provide as an exclusive remedy for Employees accidentally injured in the course of their employment have been interpreted as State Quid Pro Quo legislation for which the injured employee is entitle to moderate compensation in all cases of injury, and has a certain and speedy remedy without the difficulty and expense of establishing negligence or proving the amount of damages. See Lockheed Aircraft Corp. v. United States, 460 US 190, 194 (S. Ct.1983); See Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 US 59, 93 (S. Ct. 1978); & See New York Central R. Co. v. White, 243 US 188, 201 (S. CT. 1917).

(46) In enacting this provision, Congress adopted the principal compromise — the "quid pro quo" — commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government. See Lockheed Aircraft Corp. v. United States, 460 US 190, 194 (S. Ct.1983).

(47) "[H]e is entitled to moderate compensation in all cases of injury, and has a certain and

speedy remedy without the difficulty and expense of establishing negligence or proving

the amount of the damages." See Duke Power Co. v. Carolina Environmental Study Group,

Inc., 438 US 59, 93 (S. Ct. 1978); & See New York Central R. Co. v. White, 243 US 188,

201 (S. CT. 1917).

(48) Black's Law Dictionary defines, "What for what; something for something. Used in law

for the giving one valuable thing for another. It is nothing more than the

mutual consideration which passes between the parties to a contract, and which renders

it valid and binding."

(49) Clemons, a valid claimant of Ohio's (exclusive remedy) Ohio Workers Compensation

Act has vested property rights that have arises under Ohio Constitution Article II § 35;

wherefore Clemons has a valid policy number and Claim number of 1561299-0 and 10-

858586 respectively.

(50) The Fifth Amendment commands that property be not taken without making just

compensation. Valid contracts are property, whether the obligor be a private individual, a

municipality, a State or the United States. Rights against the United States arising out of a

contract with it are protected by the Fifth Amendment. See Lynch v. United States, 292

US 571, 579 (1934)

(51) Clemons' property rights under Ohio Constitution Article II § 35 are vested and cannot

be curtailed by State of Ohio BWC nor Ohio Legislature.

(52) On the other hand War Risk policies, being contracts, are property and create vested

rights. The terms of these contracts are to be found in part in the policy, in part in the

statutes under which they are issued and the regulations promulgated thereunder. See

Lynch v. United States, 292 US 571, 577 (1934)

(53) But no power to curtail the amount of the benefits which Congress contracted to pay was reserved to Congress; and none could be given by any regulation promulgated by the Administrator. See Lynch v. United States, 292 US 571, 578 (1934)

(54) The 5th Amendment clause; No Man shall be deprived of his property without due process, applies to the States through the 14th Amendment.

(55) The view of Mr. Justice Field, concurred in by Chief Justice Chase and Justices Swayne and Bradley, was that the fundamental rights of citizenship, which by the opinion of the court were held to be rights of state citizenship, protected only by the state government, became, as the result of the Fourteenth Amendment, rights of National citizenship protected by the National Constitution. See Twining v. New Jersey, 211 US 78, 95 (1908)

(56) States are not sovereigns in matters of contract; and where vested property rights exist States must allow Due Process and Equal Protection of the Law as protected by U.S. Cons. Fourteenth and Fifth Amendment and the U. S. Cons. Fourteenth Amendment Organic Law 42 U.S.C. §1981.

(57) Clemons has vested property rights as an injured worker under Ohio Constitution Article II §35 that are protected by the 5th and 14th Amendments of the United States Constitution and under 42 U.S.C. §1981 Clemons has the right to enforce this Quid Pro Quo Legislation/ Contract for the security of his property

## United States Constitution Article IV §2 provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

(58) It is clear that the United States Constitution is the Law of the Land; And where-in the 14th Amendment particular provisions references it (Due Process of Law); the same meaning held in the 5th Amendment must apply to those particular provisions in the 14th Amendment pursuant the term (Due Process of Law).

(59) The 14th Amendment prohibition states; No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.

(60) Contracts between individuals or corporations are impaired within the meaning of the Constitution whenever the right to enforce them by legal process is taken away or materially lessened. Lynch v. United States, 292 US 571, 580 (1934).

(61) The legislative history of 42 U. S. C. § 1981 confirms that the statute means what it says and no more, *i.e.,* that it outlaws any legal rule disabling any person from making or enforcing a contract. See also Runyon v. McCrary, 427 US 160, 195 (1976)

## VIII (B) (2). CLEMONS' PROPERTY RIGHTS UNDER OHIO CONS. ARTICLE II § 35

(62) Clemons requests this United States District Court to have judicial cognizance of Clemons claim of entitled property. See also Appendix 7.

PROPERTY RIGHTS UNDER OHIO CONS. ARTICLE II § 35

The petitioner relies upon the following Compensation:

Lost Wages for the first 18 months of                                    $57,000.00

annual wage of $38,000*1.5

Lost Wages for the second 18 months of                                 $90,000.00

annual wage of $60,000*1.5

Petitioner were to graduate with bachelor degree in Healthcare Administration of which salary begins near $60,000.00

Personal accumulated health expense            $13,000.00

all bills may not have been calculated and this bills is primarily for examination without treatment being affordable.

Physical Impairment and Treatment of Arthritis          $50,000.00

Arthritis in neck, back, shoulders, hip

Physical Impairment and Treatment of Post-traumatic Myofascial Pain Syndrome

$100,000.00

Left and Right side muscle strain

Physical Impairment and Treatment of Disc Degeneration Disease     $100,000.00

Disc disease of Cervical, Thoracic, Lumbar

Future Income Loss            $649,578.00

Wage before injury $38,000.00; Hourly Rate of $12.00/hr.; the remaining portion from overtime hours worked; usually work 60hrs.-80hrs. Weekly.

$12.00*40= $480.00 weekly wage.     $480.00*52= $24,960.00 yearly wage

$38,000.00 - $24,960.00 = $13,040.00 missing wage

($13,000.00 * 28yrs.) + with 4% yearly increase = $649,578.00

<u>Future Earning Capacity Loss (Definite)</u>        <u>$769,500.00</u>

Healthcare Administration – Diploma Employment

$60,000.00 - $38,000.00 = $22,000.00

($22,000.00 * 28yrs.) + with 4% yearly increase = $1099,287.00

$1,099,287.00 * 70% = $769,500.00

      Future Income Loss was calculated by taking my then present hourly wage times the multiple of a 40 hour work week; previously I constantly work 60-80hrs a week. My yearly wage recorded by Workers Compensation is $38,000.00 while without the overtime worked my yearly earnings would have been $24,960.00. There is a difference of $13,040.00. I multiplied the loss wage of $13,000.00 by 28yrs; with a 4% yearly increase in wages. The result is $649,578.00

      Future Earning Capacity Loss (Definite) was calculated on the basis that my bachelor degree and subsequent employment as a Healthcare Administrator was interrupted by injury; for which anticipation of completion and ability to perform occupation is sufficiently unlikely. Such Loss was calculated at near the minimum of the recorded wage for Healthcare Administrators of $60,000.00; of which $38,000.00 was subtracted with $22,000.00 remaining. The remaining $22,000.00 loss wage is multiplied by 28yrs; with a 4% yearly increase in wages. The result is $1,099,287.00. This is further multiplied by 70% as generous probability deduction is given reducing calculation to $769,500.00; although sincere and adequate evidence show high probability for realization with between 2-4 semester for graduation and being on Deans' List winter of 2010-2011. There is currently $120,000.00 financial education debt also supporting Clemons scholastics employment injury claim.

## VIII (C). CLEMONS PROPERTY RIGHTS UNDER O.R.C. 1343 (A) & (B) AS

## PURSUANT ORC 2305.07

O.R.C. 1343.03 (A) & (B) respectively establishes statutory Prejudgment and Post-judgment

Interests Rates upon Judgement and Debts owed from Contracts or Tortious actions. Pursuant to

O.R.C. 2305.07 the Statutory Prejudgment and Post-judgment Interest Rates established by

O.R.C. 1343.03 (A) & (B) respectively; are cognizant as enforceable Unwritten Contracts as

implied by the expressed Law setting the applicable Interest Rates.

**O.R.C. 1343.03 Rate not stipulated relevant portions provides**:

(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised

Code, when money becomes due and payable upon any bond, bill, note, or other instrument of

writing, upon any book account, upon any settlement between parties, upon all verbal contracts

entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment

of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled

to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code,

unless a written contract provides a different rate of interest in relation to the money that

becomes due and payable, in which case the creditor is entitled to interest at the rate provided in

that contract.

(B) Except as provided in divisions (C) and (D) of this section and subject to section 2325.18

of the Revised Code, interest on a judgment, decree, or order for the payment of money rendered

in a civil action based on tortious conduct or a contract or other transaction, including, but not

limited to a civil action based on tortious conduct or a contract or other transaction that has been

settled by agreement of the parties, shall be computed from the date the judgment, decree, or

order is rendered to the date on which the money is paid and shall be at the rate determined

pursuant to section 5703.47 of the Revised Code that is in effect on the date the judgment, decree, or order is rendered. That rate shall remain in effect until the judgment, decree, or order is satisfied.

**O.R.C. 5703.47 Definition of federal short term rate relevant portion provides:**

(B) On the fifteenth day of October of each year, the tax commissioner shall determine the federal short-term rate. For purposes of any section of the Revised Code requiring interest to be computed at the rate per annum required by this section, the rate determined by the commissioner under this section, rounded to the nearest whole number per cent, plus three per cent, shall be the interest rate per annum used in making the computation for interest that accrues during the following calendar year. For the purposes of sections 5719.041 and 5731.23 of the Revised Code, references to the "federal short-term rate" are references to the federal short-term rate as determined by the tax commissioner under this section rounded to the nearest whole number per cent.

**O.R.C. 2305.07 Contract not in writing - statutory liability provides:**

Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.

(63) Ohio Tax Commissioner has cognizance the applicable Short-term Rate as One Percent (1 %) See http://www.tax.ohio.gov/. With the addition of Three Percent (3%) as prescribed in O.R.C. 5703.47; the Interest rate Per Annum Interest Rate is Four Percent (4%).

The Prejudgment Interest pursuant O.R.C. 1343.03 (A) has a statutory setting of Four Percent (4 %) interest from the date of debt (September 24, 2014) to the date that this Court make entry

of Judgment (as calculated by the Court. The Post-judgment Interest pursuant O.R.C. 1343.03

(B) has a statutory setting of Four Percent (4 %) interest from the date this District Court's entry

of Judgment until the date of payment (as calculated by BWC).

## VIII (D).  DUE PROCESS

(64) Clemons shall have full and equal benefit of O.R.C. 2731.06 Mandamus (in first

instance, without notice) & 28 U.S.C. § 1657 Expedited Consideration as Substantive

Rights under 42 U.S.C. § 1981; for which U.S. Cons. Fifth Amendment requires.

(65) Some of these contentions may be dismissed at the outset. The word "person" in the

context of the Due Process Clause of the Fifth Amendment cannot, by any reasonable

mode of interpretation, be expanded to encompass the States of the Union, and to our

knowledge this has never been done by any court. See South Carolina v. Katzenbach, 383

US 301, 324 (S. Ct. 1966).

(66) Cognizant of the fact that States do not have Due Process protections, and the Material

Facts are true as presented; thusly Clemons, as A Matter of Law has the Substantive and

Procedural Right to O.R.C. 2731.06 Peremptory Writ of Mandamus (in first instance &

without notice).

(67) Clemons present the Material Facts: (1) That he; Clemons is a valid Claimant to Ohio

Workers' Compensation; specifically the State Fund managed by BWC, (2) Clemons has

not been paid the property for which he now seeks through any form inclusive of

settlement; previous judgment; or any other form; and thusly Clemons property is due,

(3) Pursuant to Law of Contract, Federal Statue 42 .U.S.C § 1981, and Due Process as the

Supreme Law of Land; This District Court must make issuance of the requested Writ;

wherefore, there exist no good cause for not doing such.

## VIII. <u>DEMAND OF RELIEF</u>

**Each and every paragraph/ statement is incorporated as if fully written herein.**

Relator having his complaint herein for Writ of Mandamus, and the Court being satisfied that the right to the performance of the act prayed for in the complaint is clear, and it being apparent that no valid excuse can be given for not doing it; Clemons prays this Court to issue Peremptory Writ of Mandamus (in first instance, without notice) ordering Respondent BWC immediately upon service of this Writ do the act prayed for, to wit: Make payment to Relator Clemons his (insert appropriate amount pursuant example provided) monetary property with Post-judgment Interest calculated daily at a Four Percent Annual Percentage Rate from the date of this judgment to the date of payment.

<div align="center">FORMULA FOR PREJUDGMENT INTEREST</div>

$$1,829,078 \,(1+.04) \,^{\wedge} \frac{\underline{\text{Amount of days between Sept. 24, 2014 and Entry of this Judgment}}}{\text{Amount of days in a year}}$$

<div align="center">SAMPLE FORMULA FOR PREJUDGMENT INTEREST AS OF March 14, 2017</div>

$$1,829,078 \,(1+.04) \,^{\wedge \frac{902}{365}} = 2,015,234.43$$

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully Submitted,

Dated: March 14, 2017

/s/ Cornelius J. Clemons

Pro se Cornelius Clemons (614) 816-3416

1280 Norton Ave. Columbus, Ohio 43212

JUDY A. FAIR-RAPHAEL
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES OCTOBER 14, 2020

Page 29 of 29

# Appendix 1

# OHIO SUPREME COURT CASE No. 2014-1138

# CLEMONS' MANDAMUS PETITION

ORIGINAL

## IN THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| State of Ohio, ex rel. CORNELIUS CLEMONS | ) | **14 - 1138** |
| 831 EAST 143rd . STREET | ) | CASE NO. |
| CLEVELAND, OHIO 44110 | ) | |
| Plaintiff- Relator | ) | |
| | ) | FILED |
| v | ) | JUL 08 2014 |
| | ) | CLERK OF COURT SUPREME COURT OF OHIO |
| BOARD OF DIRECTORS of OHIO's | ) | |
| WORKERS COMPENSATION (official capacity) | ) | **PETITION FOR R.C. 2731.07** |
| 30 WEST SPRING STREET | ) | **PEREMPTORY WRIT OF** |
| COLUMBUS, OHIO 43215 | ) | **MANDAMUS WITHOUT** |
| And | ) | **NOTICE** |
| STEVE BUEHRER, ADMINSTRATOR of | ) | |
| OHIO BUEREAU OF WORKERS' | ) | *Cornelius J. Clemons* |
| COMPENSATION (official capacity) | ) | |
| 30 WEST SPRING STREET | ) | Cornelius Clemons |
| COLUMBUS, OHIO 43215 | ) | Cornelius Clemons 1 (614) 450-2676 |
| Defendants- Respondents | ) | Teff980@yahoo.com831 E. 143rd. St. |
| | ) | Cleveland, Ohio 44110 |

PETITION FOR WRIT OF MANDAMUS TO THE

SUPREME COURT OF OHIO

## I    BASIS OF JURISDICTION

Jurisdiction of the Ohio Supreme Court is invoked by Ohio Citizen Cornelius Clemons in accordance with (B) (3) of Section 2 of Article IV of the Ohio Constitution regarding issues arising under the Ohio Constitution in accordance with (B) (2) (a) (iii) of Section 2 Article IV of the Ohio Constitution; as it relates to this current instant action. Furthermore with all inherent political right, Ohio Citizen Cornelius Clemons seeks to have certified to this court for the purposes of review the decisions of cases 13 AP 841 & 13 AP 691 of the 10th District Court of Appeals; wherefore the decisions as Matter of Law appear contrary and should have been certified to this court in accordance with (B) (2) (f) of Section 2 of Article IV of the Ohio Constitution

Jurisdiction is appropriate pursuant to Ohio Rev. Code § 2731.06, Ohio Rev. Code § 2731.07. whereas this court has the authority to issue a peremptory writ of mandamus without notice determinate upon accredited facts and supportive documentation, and evidence as interpreted by this court pursuant to petitioners' right of compensation as directed in the ratified legislation of Article II, Section 35 of the Ohio Constitution in conjunction with 28 USC Section 1651.

## II    COMPLAINT

1.  Relator Cornelius Clemons is a citizen of the United States and State of Ohio, whom is the just and rightful claimant of $1,829,078.00 Entitlement of Workers Compensation

Group Fund with identifying claim number 10-858586; for which he seeks this court to issue a peremptory writ without notice to Respondents commanding transfer of his monetary property into his possession in accordance with 42 U. S. Code Section 1981; Article I Section 10 of the United States Constitution; Article 2 of the Northwest Ordinance of 1787; and Section 1, and 19 of Article I of the Ohio Constitution.

2. Respondents Ohio Workers Compensation Board of Directors and Executive Administrator Stephen Buehrer both in their official capacity jointly have the Ministerial duty of disbursement of Work Compensation Group Fund in accordance with R. C. 4121.12;   R.C. 4121.121;  R. C. 4123.311; and R. C. 4123.32.

## STATEMENT OF CASE

1. Northwest Ordinance of 1787 Article 2 made a peer jury trial in cases of trespass/ damages an inviolate vested right and thus circumvented only by contractual agreement. *See also Ohio Constitution Article II Section 35, and Lockhead Aircraft Corp v. United States, 460 U S 190- Supreme Court 1983 (194).*

2. Therefore, 1787 Northwest Ordinance Article 2 with congress of Ohio Constitution's Article II Section 35 Quid Pro Quo Act, United States Constitution Sections 1, inclusive with its first clause; & Sections 2, 10, and 19 of article I, with the Fifth Amendment property right of Eminent Domain, and Section 2 of Article IV, and the 14th Amendment's enumerated rights of privileges and immunities; Equal Protection; Clause of freedom from States' abridgment of contract all footnoted below confers that Ohio Constitution Article II Section 35 granted inviolate the vested right/ provision of immediate

entitlement to moderate compensation in all cases of injury with certain and speedy

remedy without difficulty and expense of establishing negligence or proving the amount

of damage, there by eligibly mooting the permissive legislation of workers compensation

scheme that is under the Workers Compensation Act; and so also moots all legal and

factual Argument for which Respondents could present relevant of the Constitutional and

Contractual nature of which the interpretation of the state and federal Constitutions is a

role exclusive to the judicial branch"; thus supports issuance of R C 2731.07 peremptory

writ of mandamus without notice. *See also Duke Power Co. v. Carolina Environmental*

*Study Group, Inc., 438 US 59 - Supreme Court 1978 (93); State ex rel. Ohio Academy of*

*Trial Lawyers v. Sheward, 86 Ohio St. 3d 451 - Ohio: Supreme Court 1999 (462-467,*

*470, 476); Board of Regents of State Colleges v. Roth, 408 US 564 - Supreme Court 1972*

*(570-572), Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 US 155 - Supreme Court*

*1980 (162, 164)*

3. Thus, Ohio Constitution Article II Section 35 Quid Pro Quo (Workers Compensation Act/
   Binding Contract) ended the litigation process of injured workers by exchanging the
   inviolate vested right of peer jury trial for damages in lieu of immediately effective
   inviolate vested right of compensation for all injury/damages precluding scrutiny of facts
   other than basic evidence taken in favor of the injured worker. *See also Ohio Constitution*
   *Article II Section 35*.

4. Whereas, all supporting proofs inclusive of records and restrictions of medical nature and
   etc., being available in the public record of civil case 13 CV 5646 of the Franklin County
   Court of Common Pleas; thus Relator Cornelius Clemons requests that those records of
   proof with the following supporting evidences be counted as submitted to this Supreme

Court of Ohio in accordance with Ohio Civil Rules of Evidence Rule 201 (D) and Civil Rule 10 attachment rule.

5. Relator Cornelius Clemons in petitioning this court for R. C. 2731.07 Peremptory writ of mandamus without notice; requests presiding governance of this complaint be, *Opinion Of The Court; Marbury v. Madison, 5 U. S. 137 Supreme Court 1803.*

6. Relator Cornelius Clemons here by acknowledges himself as pro se counsel in this matter and request this petition to be construed so as to do substantial justice. *See also Erickson v. Pardus, 127 S. Ct. 2197 - Supreme Court 2007(2200), Estelle v. Gamble, 429 US 97 - Supreme Court 1976 (106), Haines v. Kerner, 404 US 519 - Supreme Court 1972 (520, 521), Conley v. Gibson, 355 US 41 - Supreme Court 1957 (44-46), and Dioguardi v. Durning, 139 F. 2d 774 - Circuit Court of Appeals, 2nd Circuit 1944(775).*

## III      ENTITLEMENT SUMMARY

The petitioner relies upon the following Compensation:

Lost Wages for the first 18 months of                                    $57,000.00

annual wage of $38,000*1.5

Lost Wages for the second 18 months of                                $90,000.00

annual wage of $60,000*1.5

Petitioner were to graduate with bachelor degree in Healthcare Administration of which salary begins near $60,000.00

Personal accumulated health expense                                    $13,000.00

all bills may not have been calculated and this bills is primarily for examination without treatment being affordable.

Physical Impairment and Treatment of Arthritis                        $50,000.00

Arthritis in neck, back, shoulders, hip

Physical Impairment and Treatment of Post-traumatic Myofascial Pain Syndrome

                                                           $100,000.00

Left and Right side muscle strain

Physical Impairment and Treatment of Disc Degeneration Disease          $100,000.00

Disc disease of Cervical, Thoracic, Lumbar

Future Income Loss                                         $649,578.00

Wage before injury $38,000.00; Hourly Rate of $12.00/hr.; the remaining portion from overtime hours worked; usually work 60hrs.-80hrs. Weekly.

$12.00*40= $480.00 weekly wage.   $480.00*52= $24,960.00 yearly wage

$38,000.00 - $24,960.00 = $13,040.00 missing wage

($13,000.00 * 28yrs.) + with 4% yearly increase = $649,578.00

Future Earning Capacity Loss (Definite)                       $769,500.00

Healthcare Administration – Diploma Employment

$60,000.00 - $38,000.00 = $22,000.00

($22,000.00 * 28yrs.) + with 4% yearly increase = $1099,287.00

$1,099,287.00 * 70% = $769,500.00

       Future Income Loss was calculated by taking my then present hourly wage times the multiple of a 40 hour work week; previously I constantly work 60-80hrs a week. My yearly wage recorded by Workers Compensation is $38,000.00 while without the overtime worked my yearly earnings would have been $24,960.00. There is a difference of $13,040.00. I multiplied the loss wage of $13,000.00 by 28yrs; with a 4% yearly increase in wages. The result is $649,578.00

       Future Earning Capacity Loss (Definite) was calculated on the basis that my bachelor degree and subsequent employment as an Healthcare Administrator was interrupted by injury; for which anticipation of completion and ability to perform occupation is sufficiently unlikely. Such Loss was calculated at near the minimum of the recorded wage for Healthcare Administrators of $60,000.00.; of which $38,000.00 was subtracted with $22,000.00 remaining. The remaining $22,000.00 loss wage is multiplied by 28yrs; with a 4% yearly increase in wages. The result is $1,099,287.00. This is further multiplied by 70% as generous probability deduction is given reducing calculation to $769,500.00; although sincere and adequate evidence show high probability for realization with between 2-4 semester for graduation and being on Deans' List winter of 2010-2011. There is currently $120,000. of financial education debt also supporting the necessity of completion.

## IV      <u>CONCLUSION</u>

Relator having his complaint herein for writ of mandamus, and the court being satisfied that the right to the performance of the act prayed for in the complaint is clear; and it being apparent that no valid excuse can be given for not doing it, it is ordered that a peremptory writ of mandamus be issued as prayed for in the complaint: and that defendant, immediately upon service of this writ do the act prayed for, to wit transfer Relator Cornelius Clemons $1,829,078.00 monetary entitlement of Workers Compensation Group Fund into possession via his bank account ending in [5239] or provide him a check substitute.


Respectfully Submitted


         /s/ Cornelius J. Clemons

Cornelius J. Clemons

Pro Se Counsel


Cornelius Clemons1 (614) 450-2676

831 E. 143rd. St. Cleveland, Ohio 44110

Teff980@yahoo.com

# Appendix 2

# OHIO SUPREME COURT CASE No. 2014-1138

BWC'S

MOTION TO

DISMISS



# In the
# Supreme Court of Ohio

STATE OF OHIO, ex rel.           :
CORNELIUS CLEMONS,               :     Case No. 2014-1138
                                 :
        Relator,             :     Original Action in Mandamus
                                 :
                                 :
    vs.                          :
                                 :
STEVE BUEHRER, ADMNISTRATOR,     :
OHIO BUREAU OF WORKERS'          :
COMPENSATON, acting in his official :
capacity, et al.,                :
                                 :
      Respondents.

---

### MOTION TO DISMISS OF
### RESPONDENTS, OHIO BUREAU OF WORKERS' COMPENSATION'S
### ADMINISTRATOR, STEVE BUEHRER, IN HIS OFFICIAL CAPACITY AND
### BOARD OF DIRECTORS, IN ITS OFFICAL CAPACITY

---

CORNELIUS CLEMONS
83 E. 143rd Street
Cleveland, Ohio 44110
(614) 450-2676 - Tel.
Teff980@yahoo.com

*Pro Se,*
Relator

MICHAEL DEWINE (0009181)
Ohio Attorney General

PATSY A. THOMAS* (0063312)
Assistant Attorney General
*Counsel of Record*
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215-3130
(614) 466-6696 – Tel.
(614) 752-2538 - Fax
Patsy.Thomas@OhioAttorneyGeneral.gov

Counsel for Respondents,
Ohio Bureau of Workers' Compensation's
Administrator, Steve Buehrer, acting in his
official capacity and Board of Directors, acting
in its official capacity



FILED

AUG 0 1 2014

CLERK OF COURT
SUPREME COURT OF OHIO

## MOTION

Now come Respondents, Ohio Bureau of Workers' Compensation's Administrator, Steve Buehrer, acting in his official capacity, and Board of Directors, acting in its official capacity (hereinafter collectively as "BWC"), under S.Ct.Prac.R. 12.04(A)(1) and Civ.R. 12(B)(6) and respectfully move this Court to dismiss Relator, Cornelius Clemons' ("Clemons") petition. BWC's position is more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General


_____
PATSY A. THOMAS* (0063312)
Assistant Attorney General
*Counsel of Record
Workers' Compensation Section
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215-3130
(614) 466-6696 – Tel.
(614) 752-2538 – Fax
Patsy.Thomas@OhioAttorneyGeneral.gov

Counsel for Respondents,
Ohio Bureau of Workers' Compensation's
Administrator, Steve Buehrer, acting in his official
capacity and Board of Directors, acting in its
official capacity

2

### MEMORANDUM IN SUPPORT

I.    INTRODUCTION

Clemons has filed a "petition" before this Court. At first blush, Clemons' petition appears to be an original action seeking this Court to issue a writ of mandamus. However, upon further review of the complete petition, Clemons ostensibly is appealing two decisions of the Tenth District Court of Appeals. Whether this is an original action in mandamus before this Court or an appeal from a court of appeals decision, this Court must dismiss Clemons' petition. If Clemons intends for this case to be an original action in mandamus, Clemons fails to state a claim upon which this Court can grant relief in mandamus. If Clemons intends for this case to be an appeal of court of appeals decisions, Clemons fails to comply with this Court's requirements for perfecting an appeal. Thus, in either event, this Court must dismiss Clemons' petition.

II.   ARGUMENT

A.    Clemons fails to state a claim in mandamus.

To establish a right to a writ of mandamus, this Court has consistently held that [Clemons] must prove "(1) [he] has a clear legal right to the relief prayed for; (2) the [BWC] is under a clear legal duty to perform the act requested; and (3) [he] has no plain and adequate remedy in the ordinary course of the law." *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983), (citations omitted). Thus, for a writ of mandamus to issue, Clemons' petition must contain a set of facts that meet all three prongs set out in *Berger*. Clemons' petition fails to meet any of the *Berger* requirements.

(1)    Clemons failed to establish a clear legal right to the payment by the BWC of the monetary amounts requested.

Clemons' petition does not contain clear and concise factual statements regarding his claim to workers' compensation benefits or that any alleged actions of the BWC were an abuse

3

of discretion. It is well established that a clear legal right to a writ of mandamus only exists where Clemons shows that the BWC abused its discretion. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76, 497 N.E.2d 70 (1986). The [BWC] acts within its discretion as long as "some evidence" supports its decision. *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996). Clemons' petition fails to allege that the BWC abused its discretion in any manner. His petition does not contain facts sufficient to establish a cause of action based on the BWC's alleged actions. Clemons' petition must contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8. It is well settled that "the purpose of Civ.R. 8(A) is to give the defendant fair notice of the claim and an opportunity to respond." *White v. Mt. Carmel Med. Ctr.*, 150 Ohio App.3d 316, 2002-Ohio-6446, ¶29 (10th Dist.). Clemons' petition makes conclusory statements as to his claimed entitlements, but fails to articulate the operative grounds or cause of action for any claim against the BWC. This Court must grant the BWC's Civ.R. 12(B)(6) motion to dismiss.

A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a question of law that requires a de novo review by this Court. *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.*, 76 Ohio St.3d 521, 668 N.E.2d 889 (1996). It is procedural and tests the sufficiency of the complaint. *Id.* A court must presume that all factual allegations in the complaint are true and all reasonable inferences must be construed in favor of the non-moving party; however, "unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss." *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994).

4

Here, this Court must not accept Clemons' unsupported legal conclusions as being true, as they are insufficient to withstand a motion to dismiss. *State ex rel. Hickman v. Capots,* 45 Ohio St.3d 324, 544 N.E.2d 639 (1989). Moreover, the unsupported allegations in Clemons' petition cannot serve as the basis for a writ of mandamus. Clemons' petition does not contain clear and concise statements that support his claims for relief. Clemons has failed to establish a clear legal right to the relief sought and this Court must dismiss his petition.

> (2)    Clemons failed to establish the BWC is under a clear legal duty to pay him alleged damages resulting from the denial of workers' compensation benefits.

As previously stated, Clemons' petition fails to make any allegations regarding actions by the BWC that could be found to be an abuse of discretion. The BWC's authority to administer claims is statutory. (See R.C. 4123.511(C), (D) and (E).) Clemons is seeking to charge the BWC with a duty that legislative authority can only create and this Court cannot create such a duty in mandamus. *State ex rel. Governor v. Taft,* 71 Ohio St.3d 1, 640 N.E.2d 1136 (1994). Clemons has failed to submit any legitimate grounds for mandamus relief against the BWC. Accordingly, Clemons has failed to establish that the BWC was under a clear legal duty to perform the relief sought. Thus, this Court must dismiss his mandamus action.

> (3)    Clemons has a plain and adequate remedy at law.

Clemons' petition appears to stem from the denial of his workers' compensation claim. Clemons filed a complaint before the Franklin County Common Pleas Court, which the trial court dismissed for failure to state a claim upon which the court could grant relief. (See Appendix A, *Clemons v. Ohio Bureau of Workers' Comp.,* Franklin C.P. No. 13CV05-5646 (August 5, 2013) ("Trial Court Decision").) R.C. 2505.02 provides Clemons with a statutory right to appeal the trial court's decision. Clemons exercised his plain and adequate remedy by

filing an appeal of the trial court's decision.  Clemons' appealed the trial court's decision to the Tenth District Court of Appeals and that court issued a decision affirming the trial court's decision.  (See Appendix B, *Clemons v. Ohio Bureau of Workers' Comp.,* 10th Dist. Franklin No. 13AP-691 ("*Clemons I*").)  Clemons also filed an original action in mandamus before the Tenth District Court of Appeals, from the denial of the same worker's compensation claim referenced above.  The court dismissed Clemons' complaint for failure to state a claim upon which the court could grant relief in mandamus.  (See Appendix C, *Clemons v. Ohio Bureau of Workers' Comp.,* 10th Dist. Franklin No. 13AP-841 ("Clemons II").)  Clemons had a plain and adequate remedy at law but failed to exercise it when he did not timely file a notice of appeal of the court's decision in *Clemons I.*

It is well settled that the existence of a plain and adequate remedy divests this Court of jurisdiction to consider Clemons' request for mandamus relief.  *State ex rel. Pressley v. Indus. Comm.,* 11 Ohio St.2d 141, 228 N.E.2d 631 (1967).  This Court has repeatedly held that, when a complaint "stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion, but those courts are required to deny the writ."  *Id.* at syllabus ¶3.  Here, it is undisputed, as evidenced by the lower courts' decisions, Clemons had a plain and adequate remedy in the ordinary course of law.  Thus, this Court must dismiss Clemons' petition.

B.      Clemons fails to perfect an appeal before this Court.

S.Ct.Prac.R. 3.02(A)(1) and (3)(D) requires any appeal before this Court to be filed in a timely manner.  As stated above, Clemons' petition appears to be an appeal of two decisions from the Tenth District Court of Appeals.  In *Clemons I*, the court of appeals affirmed the trial court's decision and issued its' judgment entry on March 27, 2014.  "To perfect a jurisdictional appeal from a court of appeals to the Supreme Court as defined by S.Ct.Prac.R. 5.02(A), [Clemons] shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed."  S.Ct.Prac.R. 7.01(A)(1)(a)(i).  Clemons' appeal of the court's decision was due on or before May 11, 2014.  The time requirements for perfecting an appeal are mandatory and Clemons' failure to file within the designated time period divest this Court of jurisdiction to hear his appeal.  S.Ct.Prac.R. 7.01(A)(1)(b).  Thus, this Court must dismiss Clemons' petition.

Likewise, to perfect an appeal from the court's dismissal of his mandamus complaint in *Clemons II*, Clemons must timely file a notice of appeal.  S.Ct.Prac.R. 6.01(A)(1).  A notice of appeal for an appeal of right must comply with this Court's requirements.  Clemons petition does not comply with S.Ct.Prac.R. 6.01(B) and must be dismissed.

III.    CONCLUSION

Clemons has not presented any set of facts that would entitle him to seek relief through an action in mandamus compelling the BWC to pay him damages.  Clemons has failed to establish that 1) he has a clear legal right to the relief sought, 2) the BWC has a clear duty to perform such relief and 3) he has no plain and adequate remedy in the ordinary course of law.  Clemons has not premised his purported theory of recovery in this action upon a clear legal right or clear legal duty that emanates from a workers' compensation statute.  Accordingly, he does

7

not have a right to a writ of mandamus and this Court must dismiss his petition. In addition, Clemons failed to perfect an appeal as required by this Court.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

PATSY A. THOMAS* (0063312)
Assistant Attorney General
*Counsel of Record
Workers' Compensation Section
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215-3130
(614) 466-6696 – Tel.
(614) 752-2538 – Fax
Patsy.Thomas@OhioAttorneyGeneral.gov

Counsel for Respondents,
Ohio Bureau of Workers' Compensation's
Administrator, Steve Buehrer, acting in his
official capacity and Board of Directors,
acting in its official capacity

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on this 1st day of August 2014,

to:

Via U.S. Mail

Cornelius J. Clemons
831 E. 143rd Street
Cleveland, Ohio 44110

*Pro Se,*
Relator

PATSY A. THOMAS (0063312)
Assistant Attorney General

8

# APPENDIX A

0B297 – U48    Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Aug 05 3:22 PM-13CV005646

IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| CORNELIUS J. CLEMONS, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 13CVC05-5646 |
| OHIO BUREAU OF WORKERS' COMPENSATION, et al., | : | Judge Cain |
| Defendants. | : | |

DECISION AND ENTRY GRANTING DEFENDANTS' MOTION TO DISMISS, FILED JUNE 21, 2013

ENTRY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

Rendered this ____ day of August 2013.

CAIN, J.

This matter is before this Court on Defendants' Motion to Dismiss, filed June 21, 2013.[1] Plaintiff filed his Memoranda Contra on July 2, 2013 and July 5, 2013 to which Defendants did not reply. Defendants' motion is now ripe for decision.

Plaintiff's claims against Defendants are ones that the Court has not previously seen. In his Complaint, Plaintiff seems to be claiming that Defendants violated his rights in denying his claim for workers' compensation benefits. Due to this alleged violation, Plaintiff makes claims against Defendants for breach of contract and for breach of fiduciary duty. Plaintiff alleges that he has suffered severe emotional distress and other injuries as a result of Defendants' actions.

---

[1] In actuality there were two Motions to Dismiss filed on June 21, 2013 by different Defendants. These motions, however, make the same arguments and as such, the Court will treat them as one motion filed by all Defendants.

1

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Aug 05 3:22 PM-13CV005646
0B297 - U49

Presently, the Court is faced with two Motions to Dismiss filed by Defendants. In their motions, Defendants raise two arguments. First, Defendants argue that due to the fact that Plaintiff is suing them in their capacity as State of Ohio officials, Plaintiff's claims must be brought in the Ohio Court of Claims. Second, Defendants argue that Plaintiff's Complaint fails to state any claims against them upon which relief may be granted. While the Court wholeheartedly agrees with Defendants that Plaintiff's claims, if meritorious, belong in the Ohio Court of Claims, the Court does not need to make that determination. This is because the Court agrees with Defendants' second argument. As will be seen below, Plaintiff has failed to state any claims against Defendants upon which relief may be granted.

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of a complaint. Ass'n. for the Defense of the Washington Local School Dist. v. Kiger (1989), 42 Ohio St.3d 116, 117. "In considering a motion to dismiss under Civ. R. 12(B)(6), the court looks only to the complaint, or, in a proper case, the copy of a written instrument upon which a claim is predicated, to determine whether the allegations are legally sufficient to state a claim." Springfield Fireworks, Inc. v. Ohio. Dept. of Commerce, Franklin App. No. 03AP-330, 2003 Ohio 6940, ¶12, citing Slife v. Kundtz Properties (1974), 40 Ohio App.2d 179, 185-186. When deciding a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must presume the truth of all factual allegations of the Complaint and must draw all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.

2

Under the Ohio Civil Rules, a plaintiff need not prove his case at the pleading stage. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144. Rather, the Ohio Civil Rules require only that a Complaint contain "a short and plain statement of the claim showing that the party is entitled to relief" and "a demand for judgment for the relief to which the party claims to be entitled." Civ. R. 8(A). "Thus, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove; such facts may not be available until after discovery." State ex rel. Hanson v. Guernsey Cty. Bd. of Cmmrs. (1992), 65 Ohio St.3d 545, 549, citing York, 60 Ohio St.3d at 144-145. For a court to dismiss a complaint for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, 245, citing Conley v. Gibson (1975), 355 U.S. 41, 45. "Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow a plaintiff to recover, the court may not grant a defendant's motion to dismiss." York, 49 Ohio St. 2d at 145.

The present matter is a prime example of claims that do not exist. As stated earlier, Plaintiff's claims arise from the denial of his request for workers' compensation benefits. While Plaintiff may not be happy with this denial, claims for breach of contract and breach of fiduciary duty are not a vehicle in which to challenge the denial. First, the right to participate in the workers' compensation program is statutory and not contractual. Second, this statutory framework does

3

not create any fiduciary duties on the part of Defendants that are actionable in a private lawsuit. Finally, there is already a clearly laid out method for challenging a denial of workers' compensation benefits. If Plaintiff did not like Defendants' decision or actions, he could have either appealed the denial of benefits to the Court of Common Pleas or filed an action in mandamus. When everything is said and done, the alleged wrongs perpetrated by Defendants against Plaintiff cannot serve as the basis for a breach of contract claim or a breach of fiduciary duty claim. Defendants' motion must be granted.

The Court would like to make one final point. Absent the fact that Plaintiff has failed to state any claims upon which relief can be granted, the Court would still dismiss this matter. In his Complaint, Plaintiff asks the Court for an award of money damages against Defendants. Defendants are all State of Ohio institutions or employees of State of Ohio institutions. Any claim against such an institution for money is subject to the jurisdiction of the Ohio Court of Claims. Therefore, assuming Plaintiff's claims to be valid, this Court lacks jurisdiction over said claims and they must be dismissed.

After review and consideration, the Court finds Defendants' motion to be well-taken, and is hereby GRANTED in accordance with the above decision. It is hereby ORDERED that Plaintiff's Complaint if DISMISSED WITH PREJUDICE in its entirety. This is a final appealable order and there is no just cause for delay.

IT IS SO ORDERED.

0B297 — U52  Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Aug 05 3:22 PM-13CV005646

Copies to:

Cornelius J. Clemons
 Plaintiff

Mia Meucci Yaniko
Patsy A. Thomas
 Counsel for Defendants

Franklin County Court of Common Pleas

**Date:** 08-05-2013

**Case Title:** CORNELIUS J CLEMONS -VS- OHIO STATE BUREAU
WORKERS COMPENSATION ET AL

**Case Number:** 13CV005646

**Type:** DECISION/ENTRY

It Is So Ordered.

/s/ Judge David E. Cain

Electronically signed on 2013-Aug-05     page 6 of 6

Court Disposition

Case Number: 13CV005646

Case Style: CORNELIUS J CLEMONS -VS- OHIO STATE BUREAU WORKERS COMPENSATION ET AL

Case Terminated:  08 - Dismissal with/without prejudice

Final Appealable Order:  Yes

Motion Tie Off Information:

1. Motion CMS Document Id: 13CV0056462013-06-2199780000
   Document Title: 06-21-2013-MOTION TO DISMISS
   Disposition: MOTION GRANTED

2. Motion CMS Document Id: 13CV0056462013-06-2199790000
   Document Title: 06-21-2013-MOTION TO DISMISS
   Disposition: MOTION GRANTED

3. Motion CMS Document Id: 13CV0056462013-06-2199960000
   Document Title: 06-21-2013-MOTION TO DISMISS
   Disposition: MOTION GRANTED

# APPENDIX B

0A099 - 093

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 12:39 PM-13AP000691

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Cornelius J. Clemons,                    :

    Plaintiff-Appellant,             :

v.                                       :        No. 13AP-691
                                                  (C.P.C. No. 13CV-5646)
Ohio Bureau of Workers' Compensation     :
et al.,                                           (REGULAR CALENDAR)
                                         :
    Defendants-Appellees.
                                         :

---

D E C I S I O N

Rendered on March 27, 2014

---

*Cornelius J. Clemons*, pro se.

*Michael DeWine*, Attorney General, and *Patsy A. Thomas*, for appellees Ohio Bureau of Workers' Compensation, Industrial Commission of Ohio, and, acting in their official capacities, Stephen Buehrer, Robin K., Matthew Tyack, Sandra Rolletta, Karen Sampson, D. Greim, J. Stavridis, Deborah Charney, C. Albrecht, David Packer, David Binkovitz, Jon Grandon, Felicity Hillmer and Lori Ransom.

*Michael DeWine*, Attorney General, and *Mia Meucci Yanika*, for appellees The Ohio State University Occupational Medicine West and Dr. Eric Schaub.

---

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, Cornelius J. Clemons, appeals from a judgment of the Franklin County Court of Common Pleas dismissing, for the lack of subject-matter jurisdiction, appellant's complaint against the State of Ohio and several state employees. For the reasons that follow, we affirm.

0A099 - O94

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 12:39 PM-13AP000691

No. 13AP-691                                                            2

## A. Facts and Procedural History

{¶ 2} On May 21, 2013, appellant filed a 28-page complaint against appellees seeking both compensatory and punitive damages under several common law theories including breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress. The "Preliminary Statements" in the complaint read, in relevant part, as follows:

> In this action plaintiff requests the redress for harm done his person and etc.; by joint Defendants Ohio Bureau of Workers['] Compensation/Ohio Industrial Commission and their representatives in their official capacities. * * * This action also seeks redress for harm done to the Plaintiff by severally liable Defendants OSU Occupational Medicine West Treatment Center and Medical Practitioner in his official capacity Dr. Eric Schaub.

In addition to the Bureau of Workers' Compensation ("BWC"), the Industrial Commission of Ohio ("commission"), The Ohio State University-West Treatment Center ("OSU"), and Dr. Schaub, the title of the complaint names several individuals as "Agents in their Official Capacities."[1]

{¶ 3} The body of the complaint contains a detailed history of appellant's workers' compensation claim filed on December 23, 2010. Appellant filed claim No. 10-858586 after he sustained injuries in an October 1, 2010 "T-bone collision accident" while employed as a "full-time clamp-lift operator for Kenco Logistics." (Complaint, 1-2.) The complaint chronicles appellant's effort to obtain workers' compensation benefits including allowances of certain medical conditions, compensation for temporary total and permanent partial disability, approval of various forms of medical treatment, and payment of his medical expenses. The complaint describes the rulings made by the BWC and ICO regarding his benefit applications, the efforts he made to administratively appeal adverse rulings, and the outcome of his appeals. The complaint does not indicate whether appellant ever filed an action, pursuant to R.C. 4123.512, seeking court review of any ICO or BWC ruling.

---

[1] Specifically, Stephen Buehrer and Robin K., are identified as BWC agents; Mathew Tyack, Sandra Roletta, Karen Sampson, D. Greim, J. Stavridis, Deborah Charney, C. Albrecht, David Packer, Jon Grandon, Felicity Hillmer, and Lori Ransom are identified as commission agents.

0A099 — O95

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 12:39 PM-13AP000691

No. 13AP-691                                                                                  3

{¶ 4}   On June 21, 2013, BWC and ICO, along with their respective "agents," filed a joint motion to dismiss the complaint pursuant to Civ.R. 12(B)(1) and (6). On that same date appellees, OSU and Dr. Schaub, filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1). In a decision and judgment entry dated August 5, 2013, the trial court granted appellees' motions and dismissed the case, with prejudice. Appellant timely appeals to this court from the judgment of the Franklin County Court of Common Pleas.

## B. Assignments of Error

[I.] Matter of Law: Assignment of Error in the Trial Court Judge's admonishment of dismissal of all claims upon premise of Court of Claims subject matter jurisdiction.

[II.] Matter of Law: Assignment of Error in the Trial Court Judge's prejudice accompaniment with dismissal of claims.

[III.] Matter of Fact: Assignment of Error in Trial Court's apprehension of recording the Appellant's claims as vehicles of challenging requested denial of workers' compensation benefits).

[IV.] Matter of Law: Assignment of Error in the Trial Court Judge's dismissal of Breach of Contract claim against Bureau of Workers Compensation and Ohio Industrial Commission for failure to state claim upon which relief may be granted in assertion that the claim Breach of Contract is not a proper vehicle.

[V.] Mater [sic] of Law: Assignment of Error in the Trial Court Judge's dismissal of Breach of Fiduciary Duty claim against Bureau of Workers Compensation and Ohio Industrial Commission for failure to state claim upon which relief may be granted in assertion that the claim Breach of Fiduciary Duty is not a proper vehicle.

[VI.] Matter of Law: Assignment of Error in the Trial Court Judge's dismissal of Intentional/Reckless and Wanton Infliction of Severe Emotional Distress claim against Bureau of Workers Compensation and Ohio Industrial Commission in entirety with all claims for failure to state claim upon which relief may be granted.

[VII.] Matter of Law: Assignment of Error in the Trial Court Judge's dismissal of Breach of Fiduciary Duty claim against OSU Occupational West and Dr. Eric Schaub in official

0A099 - O96

No. 13AP-691                                                                                                   4

capacity in entirety with all claims for failure to state claim upon which relief may be granted.

## C. Standard of Review

{¶ 5}   In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Ohio Tax Commr.*, 10th Dist. No.11AP-349, 2012-Ohio-5768, ¶ 14; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Id.*, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo standard when we review a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12. A dismissal for the lack of jurisdiction over the person or the subject matter operates as a failure otherwise than on the merits. Civ.R. 41(B)(4).

{¶ 6}   A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11, citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989); *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Dismissal for failure to state a claim is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. We review the dismissal of a complaint pursuant to Civ.R. 12(B)(6) under a de novo standard. *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9. The Supreme Court of Ohio has held that a dismissal for failure to state a claim upon which relief can be granted operates as an adjudication on the merits. *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, ¶ 15; *George v. State*, 10th Dist. No. 10AP-4, 2010-Ohio-5262, ¶ 14. "As a result, res judicata bars refiling the claim." *Id.*

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 12:39 PM-13AP000691

0A099 – O97

No. 13AP-691           5

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 12:39 PM-13AP000691

**D. Legal Analysis**

**1. Jurisdiction of Claims against the State of Ohio**

{¶ 7} Courts of common pleas have jurisdiction over civil disputes with more than $500 in controversy. *Cullinan v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-208, 2012-Ohio-4836, ¶ 6. "The Court of Claims, on the other hand, is a court of limited jurisdiction having exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity under R.C. 2743.02." *Id.* The Court of Claims has exclusive, original jurisdiction over civil actions filed against the state for money damages sounding in law. *Id.*

{¶ 8} There is no question that both the BWC and the commission are state agencies as R.C. 2743.01(A) defines the term. *See* R.C. 4123.31. *See also Ohio Bur. of Workers' Comp. v. Salkin*, 8th Dist. No. 96173, 2011-Ohio-4260; *Sheridan v. Metro. Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, ¶ 13 (10th Dist.); *Jenkins v. Admr. of the Bur. of Workers' Comp.*, 8th Dist. No. 80445, 2002-Ohio-3268, ¶ 21. There is also no doubt that OSU is an instrumentality of the State of Ohio amenable to suit in the Court of Claims. *See Thacker v. Bd. of Trustees of the Ohio State Univ.*, 35 Ohio St.2d 49 (1973); *Landes v. Ohio State Univ. Hosps.*, 10th Dist. No. 97API05-739 (Nov. 20, 1997). Appellant's complaint in this case seeks monetary relief from the BWC, the commission, and OSU under several common law theories. Consequently, the courts of common pleas do not have jurisdiction to hear and determine the claims appellant has asserted against the BWC, the commission, and OSU.

{¶ 9} Furthermore, with respect to the individuals named in appellant's complaint, R.C. 2743.02 provides, in relevant part:

> (F) *A civil action against an officer or employee, as defined in section 109.36 of the Revised Code*, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.*

0A099 - 098

No. 13AP-691                                                                        6

(Emphasis added.)

{¶ 10}  "Pursuant to R.C. 2743.02(F), the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86." *Rosenshine v. Med. College Hosps.,* 165 Ohio App.3d 9, 2005-Ohio-5648, ¶ 13 (10th Dist.). "[C]ourts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations." *Id.,* citing *Johns v. Univ. of Cincinnati Med. Assoc., Inc.,* 101 Ohio St.3d 234, 2004-Ohio-824, syllabus; *Theobald v. Univ. of Cincinnati,* 101 Ohio St.3d 370, 2004-Ohio-1527.

{¶ 11}  "Officer" or "employee" as used in R.C. 9.86 "has the same meaning as in division (A) of section 109.36 of the Revised Code." R.C. 9.85(A). Under R.C. 109.36(A)(1)(a) an officer or employee of the State is "[a] person who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state." Based upon the allegations of the complaint, there is no doubt that the individuals named as defendants in the complaint are individuals who, at the time appellant's cause of action arose, were either serving in an appointed office or position with the state or were employed by the state. Consequently, pursuant to R.C. 2743.02(F), appellant's civil action against these particular individuals is within the exclusive original jurisdiction of the Court of Claims. *Rosenshine; Johns; Theobald.*

{¶ 12}  In short, we hold that the trial court did not err when it concluded that it was without jurisdiction to hear and determine any of the claims asserted against appellees. Accordingly, appellant's first, second, and third assignments of error are overruled.

**2. Failure to State a Claim**

{¶ 13}  Appellant's fourth, fifth, sixth, and seventh assignments of error address the trial court's determination that the complaint fails to state a claim upon which relief may be granted. Accordingly, we will consider these assignments of error together.

{¶ 14}  The trial court stated that "claims for breach of contract and breach of fiduciary duty are not a vehicle in which to challenge the denial" of "workers' compensation benefits." (Aug. 5, 2013 Decision, 3.) The court further stated that "[t]he

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 12:39 PM-13AP000691

0A099 — O99

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 12:39 PM-13AP000691

No. 13AP-691                                                                 7

present matter is a prime example of claims that do not exist." (Aug. 5, 2013 Decision, 3.) Accordingly, the trial court dismissed the complaint, with prejudice, for failure to state a claim for relief.

{¶ 15} We do not disagree with the trial court's statement of the law. However, as noted above, a dismissal for failure to state a claim upon which relief can be granted operates as an adjudication on the merits. *State ex rel. Arcadia Acres; George.* Given our conclusion that the trial court was without jurisdiction to hear and determine appellant's claims against appellees, the trial court was also without jurisdiction to enter a judgment on the merits. Nevertheless, we find that any error with respect to the trial court's Civ.R. 12(B)(6) analysis is clearly harmless error in light of the jurisdictional ruling. Accordingly, appellant's fourth, fifth, sixth, and seventh assignments of error are overruled.

**3. Conclusion**

{¶ 16} Having overruled each of appellant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————

0A099 – R17

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Cornelius J. Clemons,                    :

      Plaintiff-Appellant,              :

v.                                       :           No. 13AP-691
                                                     (C.P.C. No. 13CV-5646)
Ohio Bureau of Workers' Compensation     :
et al.,
                                                     (REGULAR CALENDAR)
                                         :
      Defendants-Appellees.

                                         :

<u>JUDGMENT ENTRY</u>

      For the reasons stated in the decision of this court rendered herein on March 27, 2014, appellant's assignments of error are overruled. Therefore, it is the judgment and order of this court that the judgment of the Franklin County Court of Common Pleas is affirmed. Costs shall be assessed against appellant.

               /s/JUDGE _____
               Judge John A. Connor

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 2:56 PM-13AP000691

0A099 – R18

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Mar 27 2:56 PM-13AP000691

Tenth District Court of Appeals

**Date:** 03-27-2014

**Case Title:** CORNELIUS J CLEMONS -VS- OHIO STATE BUREAU WORKERS COMPENSATION ET AL

**Case Number:** 13AP000691

**Type:** JEJ - JUDGMENT ENTRY

So Ordered



/s/ Judge John A. Connor

Electronically signed on 2014-Mar-27     page 2 of 2

APPENDIX C

0A111 – R84

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State of Ohio ex rel.] Cornelius Clemons, | : | |
| [Relator], | : | |
| v. | : | No. 13AP-841 |
| Josh Mandel, State Treasurer of Ohio and Steve Buehrer, Administrator of Ohio Bureau of Workers' Compensation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

## MEMORANDUM DECISION

Rendered on June 10, 2014

*Cornelius Clemons*, pro se.

*Michael DeWine*, Attorney General, *Renata Y. Staff* and *Ryan L. Richardson*, for respondent State Treasurer of Ohio Josh Mandel.

*Michael DeWine*, Attorney General, and *Patsy A. Thomas*, for respondent Steve Buehrer, Administrator, Ohio Bureau of Workers' Compensation.

### IN MANDAMUS
### ON RESPONDENTS' MOTIONS TO DISMISS

KLATT, J.

{¶ 1}   Relator, Cornelius Clemons, acting pro se, commenced this original action in mandamus against respondent, State Treasurer Josh Mandel, and respondent Steve Buehrer, administrator of the Ohio Bureau of Workers' Compensation.   Relator's amended complaint is lengthy (30 pages and 119 paragraphs).   Although we can discern

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Jun 10 12:18 PM-13AP000841

0A111 - R85

from the allegations in the amended complaint that relator is unhappy with the disposition of his industrial claim, relator does not seek a writ ordering respondents to award any type of statutory compensation, or to grant any additional claim allowances or to authorize any type of medical treatment in the industrial claim. However, relator does allege that he is entitled to $1,888,500 of compensation in settlement of his industrial claim. Both respondents filed motions to dismiss relator's action.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that relator's amended complaint fails to state a claim against respondents upon which relief in mandamus may be granted. Accordingly, the magistrate has recommended that we grant respondents' motions and dismiss relator's action.

{¶ 3}   Relator has not filed an objection to the magistrate's decision.

{¶ 4}   Finding no error or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondents' motions and dismiss this action.

*Motions to dismiss granted;*
*action dismissed.*

CONNOR and DORRIAN, JJ., concur.

———————

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Jun 10 12:18 PM-13AP000841

0A111 - R86

No. 13AP-841                                                                                          3

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

[State of Ohio ex rel.] Cornelius Clemons,    :

      [Relator],                                    :

v.                                                               :                    No. 13AP-841

Josh Mandel, State Treasurer of Ohio          :                    (REGULAR CALENDAR)
and Steve Buehrer, Administrator of
Ohio Bureau of Workers' Compensation,    :

      Respondents.                               :

---

### MAGISTRATE'S DECISION

Rendered on February 11, 2014

---

*Cornelius Clemons*, pro se.

*Michael DeWine*, Attorney General, *Renata Y. Staff* and *Ryan L. Richardson*, for respondent State Treasurer of Ohio Josh Mandel.

*Michael DeWine*, Attorney General, and *Patsy A. Thomas*, for respondent Steve Buehrer, Administrator, Ohio Bureau of Workers' Compensation.

---

### IN MANDAMUS
### ON RESPONDENTS' MOTIONS TO DISMISS

{¶ 5} In this original action, relator, Cornelius Clemons, requests that writs of mandamus issue against respondent State Treasurer Josh Mandel ("State Treasurer") and respondent Steve Buehrer, the Administrator of the Ohio Bureau of Workers' Compensation ("administrator").

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Jun 10 12:18 PM-13AP000841

0A111 - R87

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Jun 10 12:18 PM-13AP000841

No. 13AP-841                                                                                  4

Findings of Fact:

{¶ 6}   1. On October 15, 2013, relator, acting pro se, filed an amended complaint.

{¶ 7}   2. The amended complaint is 30 pages in length and is divided into several sections identified by roman numerals. However, the third and fourth sections are both identified by roman numeral three. The sections, six in all, are captioned by relator as follows:

I BASIS FOR JURISDICTION

II Relief Requested

III THE FACTS UPON WHICH PETITIONER RELIES

III Explanation of Relief

IV FACTUAL BACKGROUND

V DEMAND FOR RELIEF

{¶ 8}   Under "IV Factual Background," relator enumerates 119 paragraphs. Paragraphs are enumerated only under "IV Factual Background."

{¶ 9}   3. According to the amended complaint, on October 1, 2010, relator sustained an industrial injury while employed with Kenco Logistics. The industrial claim is assigned claim No. 10-858586.

{¶ 10}  4. According to the amended complaint, in his enumerated paragraphs under "IV Factual Background," relator has moved at various times for temporary total disability ("TTD") compensation, permanent partial disability ("PPD") compensation, wage loss compensation, authorization for medical treatments, and additional allowances in his industrial claim. However, relator does not seek a writ ordering the administrator to award any type of statutory compensation, or to grant any additional claim allowances or to authorize any type of medical treatment in the industrial claim.

{¶ 11}  5. At paragraph 111 of the amended complaint, relator alleges that, on May 29, 2013, he filed a complaint in the Franklin County Court of Common Pleas ("common pleas court") which was assigned Franklin C.P. No. 13CV-5646. The common pleas court complaint alleged "Breach of Contract, Breach of Fiduciary Duty, and

0A111 - R88

No. 13AP-841                                                   5

Intention[al] Infliction7 of Severe Emotional Distress against the Ohio Bureau of Workers['] Compensation Administrator and several agents in their official capacities."

{¶ 12} 6. At paragraph 112 of the amended complaint, relator alleges that motions to dismiss were filed in the common pleas court action.

{¶ 13} 7. At paragraph 118 of the amended complaint, relator alleges that, on August 5, 2013, the common pleas court judge "entered the Decision Order and Final Appealable Order of granting the Defendant's motion to dismiss stating that the petitioner failed to state a claim in which relief could be granted."

{¶ 14} 8. At paragraph 119 of the complaint, relator alleges that he filed an appeal to this court on August 9, 2013. The appeal is assigned case No. 13AP-691.

{¶ 15} 9. Under "III Explanation of relief," relator endeavors to explain how he has been damaged in a dollar amount specified.

{¶ 16} 10. Under "II Relief Requested," relator requests a writ of mandamus ordering respondents "to award $1,888,500.00 compensation to petitioner * * * in settlement of * * * claim 10-858586."

{¶ 17} 11. On November 5, 2013, respondent State Treasurer filed a motion to dismiss.

{¶ 18} 12. On November 6, 2013, respondent administrator filed a motion to dismiss.

{¶ 19} 13. Relator has not opposed the motions to dismiss.

Conclusions of Law:

{¶ 20} Relator has failed to state a claim against either respondent upon which relief in mandamus can be granted. Accordingly, it is the magistrate's decision that this court grant respondents' motions to dismiss.

{¶ 21} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. University Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 22} It is well-settled that for a writ of mandamus to issue the relator must demonstrate: (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Jun 10 12:18 PM-13AP000841

0A111 - R89

No. 13AP-841                                                                                    6

plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28, 29 (1983).

{¶ 23} Mandamus may not ordinarily be employed as a substitute for an action at law to recover money.  *State ex rel. Mosser Constr., Inc. v. Toledo,* 111 Ohio App.3d 492, 494 (6th Dist. 1996), citing *Maloney v. Sacks,* 173 Ohio St. 237, 238 (1962).

{¶ 24} In *Mosser,* the Sixth District Court of Appeals, quotes from *State ex rel. Bross v. Carpenter,* 51 Ohio St. 83, 89 (1894):

> Mandamus is not well adapted to the trial of questions of fact, or the determination of controversies of a strictly private nature. Its office is rather to command and enforce the performance of those duties in which the public have some concern, and where the right is clear, and does not depend upon a complication of disputed facts which must be settled from the conflicting testimony of witnesses.

{¶ 25} Moreover, it is axiomatic that, in a mandamus proceeding, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government and courts are not authorized to create the legal duty enforceable in mandamus.  *State ex rel. Pipoly v. State Teachers Retirement Sys.,* 95 Ohio St.3d 327, 2002-Ohio-2219, ¶ 18.

### The Administrator

{¶ 26} As respondent administrator puts it, relator is "seeking monetary damages as a result of the denial of his request[s] for workers' compensation benefits." (Administrator's motion to dismiss, 2.)  That is to say, while relator allegedly has been denied various types of compensation and relief in his industrial claim, he does not seek a writ to compel the administrator to award any of the compensation or relief that he has been denied.  Rather, relator is seeking monetary damages allegedly resulting from the alleged abuses in failing to grant the motions he has filed in his industrial claim.  Clearly, relator's theory of recovery in this action is not premised upon a clear legal right or clear legal duty that emanates from a workers' compensation statute.  That is to say, relator has failed to state a claim against the administrator upon which relief in mandamus can be granted.

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Jun 10 12:18 PM-13AP000841

0A111 – R90

No. 13AP-841                                                                                              7

## The State Treasurer

{¶ 27} Relator has also failed to state a claim against the State Treasurer upon which relief in mandamus can be granted.

{¶ 28} In the amended complaint, respondent State Treasurer is mentioned twice: (1) under "II Relief Requested," relator requests a writ of mandamus "ordering State of Ohio Treasurer Josh Mandel * * * to award $1,888,500.00 compensation to petitioner Cornelius Clemons in settlement of Ohio Bureau of Workers['] Compensation claim 10-858586," and (2) under "V Demand For Relief," relator requests a writ "ordering Josh Mandel in official capacity * * * to make payment in full of $1,888,500.00 for compensation owed the petitioner." (Amended Complaint, 2-3, 30.)

{¶ 29} Relator's amended complaint fails to meet the pleading requirements of Civ.R. 8(A) with respect to respondent State Treasurer. Civ.R. 8(A) provides that a pleading shall contain "a short and plain statement of the claim showing that the party is entitled to relief." As respondent State Treasurer puts it here, the amended complaint "fails to articulate the operative grounds or cause of action for any claim against the [State Treasurer]." (Respondent's motion to dismiss, 7.) Where a complaint does not contain a short and plain statement of the claim showing entitlement to relief, as required by Civ.R. 8(A), but only a demand for judgment, a motion to dismiss is properly granted. *Simpson v. Lakewood*, 8th Dist. No. 82624, 2003-Ohio-4953, ¶ 20.

{¶ 30} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondents' motions to dismiss.


                                     /S/ MAGISTRATE
                                     KENNETH W. MACKE


                        NOTICE TO THE PARTIES
            Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign
            as error on appeal the court's adoption of any factual finding
            or legal conclusion, whether or not specifically designated as
            a finding of fact or conclusion of law under Civ.R.
            53(D)(3)(a)(ii), unless the party timely and specifically
            objects to that factual finding or legal conclusion as required
            by Civ.R. 53(D)(3)(b).

0A111 – T94

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

[State of Ohio ex rel.] Cornelius Clemons,   :

      [Relator],                :

  v.                            :                 No. 13AP-841

Josh Mandel, State Treasurer of Ohio   :         (REGULAR CALENDAR)
and Steve Buehrer, Administrator of
Ohio Bureau of Workers' Compensation,   :

      Respondents.         :

### <u>JUDGMENT ENTRY</u>

      For the reasons stated in the memorandum decision of this court rendered herein on June 10, 2014, the decision of the magistrate is approved and adopted by this court, and it is the judgment and order of this court that the motions to dismiss are granted and this action is dismissed. Costs assessed against relator.

      Within three (3) days from the filing hereof, the clerk of this court is hereby ordered to serve upon all parties not in default for failure to appear notice of this judgment and its date of entry upon the journal.

_____
Judge William A. Klatt

_____
Judge John A. Connor

_____
Judge Julia L. Dorrian

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Jun 11 8:06 AM-13AP000841

0A111 - T95

Franklin County Ohio Court of Appeals Clerk of Courts- 2014 Jun 11 8:06 AM-13AP000841

Court Disposition

Case Number: 13AP000841

Case Style: CORNELIUS J CLEMONS -VS- JOSH MANDEL

Motion Tie Off Information:

1. Motion CMS Document Id: 13AP0008412█████████970000
   Document Title: 11-06-2013-MOTION TO DISMISS
   Disposition: 3201

2. Motion CMS Document Id: 13AP0008412█████████970000
   Document Title: 11-05-2013-MOTION TO DISMISS
   Disposition: 3201

# Appendix 3

# OHIO SUPREME COURT CASE No. 2014-1138

# CLEMONS' REPLY

# In the
# Supreme Court of Ohio

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. | : | Case No. 2014-1138 |
| CORNELIUS CLEMONS, | : | |
| | : | Original Action in Mandamus |
| Relator. | : | |
| | : | |
| vs. | : | |
| | : | |
| STEVE BUEHRER, ADMINISTRATOR | : | |
| OHIO BUREAU OF WORKERS' | : | |
| COMPENSATION, acting in his official | : | |
| Capacity, et al., | : | |
| Respondents. | : | |

## RESPONSE OF DENIAL OF

## RELATOR, STATE OF OHIO, ex rel. CORNELIUS CLEMONS

CORNELIUS CLEMONS
831 East 143rd Street
Cleveland, Ohio 441105
(614) 450-2676 – Tel.
Teff980@yahoo.com

Pro Se,
Relator

Cornelius J. Clemons

MICHAEL DEVINE (0009181)
Ohio Attorney General

PATSY A. THOMAS* (0063312)
Assistant Attorney General
*Counsel of Record
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215-3130

(614) 466-6696 - Tel.
(614) 752-2538 - Fax
Patsy. Thomas @OhioAttoi7ieyCTeneral. gov
Counsel for Respondents,
Ohio Bureau of Workers' Compensation's
Administrator, Steve Buehrer, acting in his
official capacity and Board of Directors, acting
in its official capacity

FILED

AUG 0 8 2014

CLERK OF COURT
SUPREME COURT OF OHIO

## RESPONSE

Now come Relator, State of Ohio ex rel. Cornelius Clemons in accord with  Civ. R.

1(C)(2) pertaining to the original action in Mandamus Case No. 2014-1138 respectfully move

this Court to deny all Respondents' (BWC), Motion to Dismiss.     Wherefore S.Ct.Prac.R.

12.04(A)(1) and Civ.R. 12(B)(6) are inapplicable. Relator, State of Ohio ex rel. Cornelius

Clemons' position is more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

Cornelius J. Clemons

Cornelius J. Clemons

Pro Se,

CORNELIUS CLEMONS
831 East 143rd Street
Cleveland, Ohio 441105
(614) 450-2676 – Tel.
Teff980@yahoo.com

## MEMORANDUM IN SUPPORT

### I INTRODUCTION

Mandamus Action 2014-1138 is an Original Mandamus Action for which Relator, Cornelius Clemons presented the separate and distinct actions at law as support in the controversy concerning legal procedure. Relator, Cornelius Clemons Original Mandamus Action Case No. 2014-1138 is not under S.Ct.Prac.R. 12.04(A)(1) nor Civ.R. 12(B)(6); wherefore the said being an original action and Civ. R. 1(C)(2) exemption of appropriation of property; the S.Ct.Prac.R. 12.04(A)(1) and Civ.R. 12(B)(6) rules to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure.

### II ARGUMENT

Relator, Cornelius Clemons demands that all motions filled to dismiss be denied; wherefore it is fully ascertained by this Ohio Supreme Court and Relator, Cornelius Clemons that this is an Original Mandamus Action for which S.Ct.Prac.R. 12.04(A)(1) rule is inapplicable. In accord with Title 42 U.S. Code § 1981 - Equal rights under the law, and Title 1 Ohio Civil Rules and Procedure Civ. R. 1(C)(2) exemption from civil procedure in Actions involving the appropriation of property to the extent Civ. R. 12(B)(6) rule is inapplicable.

Respectfully submitted,

*Cornelius J. Clemons*

Cornelius J. Clemons
Pro Se,

CORNELIUS CLEMONS
831 East 143rd Street
Cleveland, Ohio 441105
(614) 450-2676 – Tel.
Teff980@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on this 8 tht day of August 2014,

to:

<u>Via U.S. Mail</u>

PATSY . T;HOMAS. (0063312)
Assistant Attorney General
*Counsel of Record
Workers' Compensation Section

150 East Gay Street, 22"a Floor
Columbus, Ohio 43215-3130
(614) 466-6696 - Tel.
(614) 752-2538 - Fax
Patsy. Thomas @OhioAttorneyGeneral . gov
Counsel for Respondents,
Ohio Bureau of Workers' Compensation's
Administrator, Steve Buehrer, acting in his
official capacity and Board of Directors,
acting in its official capacity

Cornelius Clemons
Pro Se,

# Appendix 4

# OHIO SUPREME COURT CASE No. 2014-1138

# JUDGEMENT OF COURT

# The Supreme Court of Ohio



SEP 24 2014

CLERK OF COURT
SUPREME COURT OF OHIO

State of Ohio ex rel. Cornelius Clemons

v.

Board of Directors of Ohio's Workers'
Compensation and Steve Buehrer,
Administrator of Ohio Bureau of Workers'
Compensation

Case No. 2014-1138

IN MANDAMUS

E N T R Y

This cause originated in this court on the filing of a complaint for a writ of
mandamus.

Upon consideration of respondents' motion to dismiss and motion to strike
memorandum in support of mandamus and amended memorandum in support of
mandamus, it is ordered by the court that the motion to dismiss is granted and the motion
to strike is denied. Accordingly, this cause is dismissed.

Maureen O'Connor
Chief Justice

# Appendix 5

# CERTIFIED COPY OF OHIO CONSTITUTION ARTICLE II § 35 QUID PRO QUO LEGISLATION

future violations, but not less than one hundred fifty dollars for each day that the violation continued. Payment under this paragraph shall not be stayed pending any appeal.

This section shall be liberally construed in favor of its purposes. Laws may be passed to implement its provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section, but in no manner restricting any provision of this section or the power of municipalities under Article XVIII of this constitution with respect to the same.

(2006)

*WORKERS' COMPENSATION.*

§35 For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. Laws may be

passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimants thereto. Such board shall set aside as a separate fund such proportion of the contributions paid by employers as in its judgment may be necessary, not to exceed one per centum thereof in any year, and so as to equalize, insofar as possible, the burden thereof, to be expended by such board in such manner as may be provided by law for the investigation and prevention of industrial accidents and diseases. Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as

will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution.

(1912, am. 1923)

*CONSERVATION OF NATURAL RESOURCES.*

§36 Laws may be passed to encourage forestry and agriculture, and to that end areas devoted exclusively to forestry may be exempted, in whole or in part, from taxation. Notwithstanding the provisions of section 2 of Article XII, laws may be passed to provide that land devoted exclusively to agricultural use be valued for real property tax purposes at the current value such land has for such agricultural use. Laws may also be passed to provide for the deferral or recoupment of any part of the difference in the dollar amount of real property tax levied in any year on land valued in accordance with its agricultural use and the dollar amount of real property tax which would have been levied upon such land had it been valued for such year in accordance with section 2 of Article XII. Laws may also be passed to provide for converting into forest reserves such lands or parts of lands as have been or may be forfeited to the state, and to authorize the acquiring of other lands for that purpose; also, to provide for the conservation of the natural resources of the state, including streams, lakes, submerged and swamp lands and the development and regulation of water power and the formation of drainage and conservation districts; and to provide for the regulation of methods of mining, weighing, measuring and marketing coal, oil, gas and all other minerals.

(1912, am. 1973)

*WORKDAY AND WORKWEEK ON PUBLIC PROJECTS.*

§37 Except in cases of extraordinary emergency, not to exceed eight hours shall constitute a day's work, and not to exceed forty-eight hours a week's work, for workmen engaged on any public work carried on or aided by the state, or any political subdivision thereof, whether done by contract, or otherwise.

(1912)

*REMOVAL OF OFFICIALS FOR MISCONDUCT.*

§38 Laws shall be passed providing for the prompt removal from office, upon complaint and hearing, of all officers, including state officers, judges and members of the General Assembly, for any misconduct involving moral turpitude or for other cause provided by law; and this method of removal shall be in addition to impeachment or other method of removal authorized by the constitution.

(1912)

*REGULATING EXPERT TESTIMONY IN CRIMINAL TRIALS.*

§39 Laws may be passed for the regulation of the use of expert witnesses and expert testimony in criminal trials and proceedings.

(1912)

*REGISTERING AND WARRANTING LAND TITLES.*

§40 Laws may be passed providing for a system of registering, transferring, insuring and guaranteeing land titles by the state or by the counties thereof, and

United States of America

State of Ohio

Office of the Secretary of State

I, **JON HUSTED**, Secretary of State, do hereby certify that I am the duly elected, qualified and acting Secretary of State of the State of Ohio, and I further certify that

in my capacity as the State of Ohio's chief election officer, I publish copies of the Constitution of the State of Ohio. Attached hereto is a true and correct copy of a copy of the Constitution of the State of Ohio published by this office, with amendments to December 2015.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the official Seal of the Secretary of State of Ohio, at Columbus, Ohio, this 25th day of May, 2016.



Jon Husted

Secretary of State

SEC4000 (Rev. 1/11)

C063320

# Appendix 6

## CLEMONS' EMPLOYER DOCUMENTATION OF INJURY & POLICY & CLAIM No. & PROOF OF STATE FUND COVERAGE

OB256 ~ R89 Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 18 4:49 PM-13CV005546

MEDICAL CLAIMS
30 W SPRING ST # L23
COLUMBUS OH 43215-2218



**Ohio** | Bureau of Workers' Compensation
ohiobwc.com
1-800-OHIOBWC

#SNIFVEQ
#C2208270299865079

11/17/2010
Date Mailed

KENCO LOGISTIC SERVICES LLC
2001 RIVERSIDE DR
CHATTANOOGA TN 37406

Injured worker: CANDELAS J CLEMONS
Claim number: 10-837666
Injury date: 10/31/2010            Employer's name: KENCO LOGISTIC SERVICES LLC
Claim type: Accident               Policy number: 1561299-0
                                   Manual number:

As an employer in Ohio, you have the right to certify or reject your
employees' claims. When you certify a claim you accept the validity of the
claim. If you deny certification of the claim, you must provide the reason(s)
for the denial. Certification or denial of certification does not determine
compensability of the claim. The Ohio Bureau of Workers' Compensation (BWC)
will make a decision regarding compensability of the claim once we have
completed our investigation.

The enclosed Claim Information Report provides you with information about
this claim, which you can use to make your decision regarding certification.
Please review this information and immediately contact us with any corrections
or additional facts. You should not deny certification merely because some
information on the report is incorrect.

Once you have reviewed this information, please complete the section below.
For BWC to use this information in making our determination, we must have
this information within five days from the date on this letter. Please
provide this information by telephone, fax, or mail to the BWC representative
listed below. You may access claim information and certify or reject this
claim at www.ohiobwc.com.

☐ I certify the validity of this claim.
☐ I deny certification of this claim for the following reasons(s)

_____

_____

Has the injured worker returned to work?
    If yes, return to work date:
    If no, estimated return to work date: _____

Is the policy number listed above correct? Yes  No
If no, please provide the correct policy number (if known):

Is the manual number listed above correct? Yes  No
If no, please provide the correct manual number (if known):

Have you continued to pay wages after the date of injury?  Yes  No
If yes, please explain.

BWC Use Only
00/03/05

OB256 - R90 Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 18 4:49 PM-13CV005646



**Ohio** | Bureau of Workers' Compensation
ohiobwc.ohio
1-800-OHIOBWC

What is the injured worker's Social Security number? 

What is the injured worker's occupation? Clamp operator

What is the total number of years the injured worker has worked in this occupation?  D.D.H.   9108

In what department does the injured worker normally work?  Warehouse

What is the injured worker's home telephone number, including area code?
614-288-7858

What is the injured worker's address? 4555 Lakeside St. N.
Columbus, OH 43232

What is the exact date and time the injury occurred?  10/1/10   10:45 am

How and under what circumstances did the injury occur?
Lift on lift accident

What was the nature of the injury and the part of the body affected?
Please be specific, including right or left side and specific finger(s) or toe(s) using check list below when applicable.

_____ Left          ✓ Right   Neck & Shoulder

_____ 1st finger (thumb)        _____ Great toe
_____ 2nd finger (index)        _____ 2nd toe
_____ 3rd finger (middle)       _____ 3rd toe
_____ 4th finger (ring)         _____ 4th toe
_____ 5th finger (little)       _____ 5th toe

Describe any specific object, substances and/or machines involved in causing both the accident and the injury. If the injured worker was lifting an object, include the approximate size, weight and distance lifted.
Fork on fork incident

What duties did the injured worker perform which contributed to the development of the occupational disease? Unsafe condition of clamp
truck, not using horn properly

Was the injured worker performing regular job duties at the time of the injury? Yes   No
If no, please explain.

Did the accident occur on the employer's premises? Yes  No
If no, please give the address of the accident location.

Is light duty or modified work available? Yes

Please provide the injured worker's earnings for the 52 weeks prior to the

2

BWC Use Only
00/03/06

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 18 4:49 PM-13CV005646
QB266 - R91

**Ohio** | Bureau of Workers'
Compensation
ohiobwc.com
1-800-OHIOBWC

date of injury. You may provide this information by completing sections
24 through 29 on the back of the enclosed Claim Information Report, or may
report the information in another format, so long as it includes the begin
and end date of the payment periods and the gross amount paid.

Is transitional work available?  yes

Signature: Kim Shamblin        Date:
Title: W C I Safety Specialist
Phone: 423-643-9076             Fax: 423-643 3642
E-mail address (optional) Kim. Shamblin @ Kencogroup.com

DME D
MEDICAL CLAIMS
30 W SPRING ST # L23
COLUMBUS OH 43215-2216

Team number:   03
Phone number:  (800) 644-6292
Fax number:    (866) 336-8765

Claim number: 10-858586

CC:
GALLAGHER & BASSETT SVCS

3

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 15 4:49 PM-13CV005646

OB266 ~ R92

# **Ohio** | Bureau of Workers' Compensation

| | Claim number |
|---|---|
| | 10-858586 |

# Claim Information Report

**PART I Injured worker information**

| | | | |
|---|---|---|---|
| 1 Employer's name **CORNELIUS J CLEMONS** | | | Telephone number (614) 288-7858 |
| 2 Home address (number and street) | Apartment no. | | Sex ☒ Male ☐ Female |
| 3 City, State, ZIP code **COLUMBUS, OH 43232-4388** | | | Number of dependents |
| 4 Social Security number | Birth date | Age 34 | Marital status **SINGLE** |
| 5 Occupation | | | Work experience (years and months) in regular occupation |
| 6 Employer's name **KENCO LOGISTIC SERVICES LLC** | | | Department where regularly work |
| 7 Employer's address (employer's physical location – where employee regularly reports to work) **2001 RIVERSIDE DR** | | | At the time of injury were you on: ☐ Overtime ☐ Piece work |
| 8 City, State, ZIP code **CHATTANOOGA, TN 37406** | | | Employer's telephone number |

Past employers

| 9 | Name(s) and address(es) | Date worked From | To | Total Wages |
|---|---|---|---|---|
| | | | | |
| | | | | |

| 10 Date of accident 10/01/2010 | Time 08:30 AM | Date reported to employer 11/15/2019 | Last date worked | Date returned to work | Shift start _____ Shift end _____ |
|---|---|---|---|---|---|

| 11 Accident location (Street, Number, City, State, ZIP code) | Was accident actually on employer's premises? ☐ Yes ☐ No |
|---|---|

| 12 Witnesses' name(s), Address, City, State, ZIP code | Was the injured Worker performing regular occupation at time of accident? ☐ Yes ☐ No |
|---|---|

13 Hospital - if any (Name, Address, City, State, ZIP code
U S HEALTHWORKS MEDICAL GROUP OF OHIO PC PO BOX 404500   ATLANTA, GA 30384-4500

14 Attending Physician (Name, Address, City, State, ZIP code, Phone)

Description of injury

15 ANOTHER JEEP RAN INTO THE SIDE OF THE JEEP IWAS OPERATING

Part of body injured and nature of the injury

16 LEFT SHOULDER/NECK

4

BWC Use Only
00/03/06

8/24/2016                         OhioBWC - Common - Service: (Claim status)



Ohio    Bureau of Workers'
        Compensation

Ohio.gov State Agencies | Online Services
En Español

search

Accident/Injury Info »
Claim Info »
Claim Payment »
Claim Reference Info »
Communications profile
File a claim
Injured Workers' Rights
Update claim data
SI claim overview
Forms
Section Map
Log Off

Online support available
Monday through Friday
7:30 a.m. - 5:30 p.m.
Click here to get help!

Injured worker: CORNELIUS J. CLEMONS
OhioBWC - Common - Service: (Claim status)

Claim #: 10-858586
DOI: 10/01/2010

Claim status:ALLOW
Claim status date:4/24/2012
Active/Inactive status:INACTIVE
Active/Inactive date:12/19/2014
Appealed to IC/Court:NO

Filing date: 11/09/2010
Statute of limitations: 12/25/2017
Benefit type: LOST TIME
Accident type: ACCIDENT
Coverage type: COVERAGE
Fund type: STATE FUND
15K start date:
15K end date:
MMI date:
Medical settled date:
Compensation settled date:
Last paid date of service: 12/14/2012
Salary continuation indicator: NO

Enter New Claim Number | Application Tracking | Claim Assignment | Claim Certification
Claim Documents | Claim Parties' Contact Info | Claim Status
Compensation Benefit Summary | Correspondence Information | Demographic Information
Exam Information | Injury/Illness Information | Diagnosis Info | Notes Information
Return to Work History

Resources

About us
Update communications profile
Help

Locate a service office
Report fraud
Injured Workers' Rights

Contact Ombuds Office
Privacy
Industrial Commission of Ohio

Download forms or publications
Site map
Comuníquese con nosotros

8/24/2016     OhioBWC - Common - Service: (Settlement research) - Data



8/24/2016                          OhioBWC - Common - Service: (Injury / Illness Information)



**Ohio** Bureau of Workers' Compensation

**Ohio.gov** State Agencies | Online Services

En Español

search

WORKERS    ...    SAFETY...    ...    BWC LIBRARY    CONTACT US

Accident/Injury Info »
Claim Info »
Claim Payment »
Claim Reference Info »
Communications profile
File a claim
Injured Workers' Rights
Update claim data
Si claim overview
Forms
Section Map
Log Off

Online support available
Monday through Friday
7:30 a.m. - 5:30 p.m.
Click here to get help!

[X] log off        ? help   print  search  glossary  contact  e-account

Injured worker: CORNELIUS J. CLEMONS
OhioBWC - Common - Service: (Injury / Illness Information)

Claim #: 10-858586
DOI: 10/01/2010

**Injured Worker Occupation (At the time of injury):**
Occupation: TOLL MOTOR DRIVER
Department/Division:
Work County: FRANKLIN
Date Hired: 09/01/2007
Work Shift: 06:00 AM-06:00 PM

update

**Accident Location**
Street Address: SHOOK RD
City: OBETZ
State: OH
ZIP+4:
Foreign Address:

**Accident Information**

Accident/Illness Description:
ANOTHER JEEP RAN INTO THE SIDE OF THE JEEP I WAS OPERATING

Nature of Injury/Illness & Part of Body Injured:
LEFT SHOULDER/NECK

Enter New Claim Number | Application Tracking | Claim Assignment | Claim Certification
Claim Documents | Claim Parties' Contact Info | Claim Status
Compensation Benefit Summary | Correspondence Information | Demographic Information
Exam Information | Injury/Illness Information | Diagnosis Info | Notes Information
Return to Work History

Resources

About us
Update communications profile
Help

Locate a service office
Report fraud
Injured Workers' Rights

Contact Ombuds Office
Privacy
Industrial Commission of Ohio

Download forms or publications
Site map
Comuníquese con nosotros

I attest to this documents authenticity as being printed from the official Bureau of Workers Compensation website under Cornelius Clemons Clam at www.bwc.ohio.gov

Matthew Gamble

I attest to the documents providing
Policy Number and Claim number
are true; and Notory Mathew Gamble
Attested to them being printed
from the Official BWC website
on 10/24/2016

Cornelius J Clemons



JUDY A. FAIR-RAPHAEL
NOTARY PUBLIC,
MY COMMISSION EXPIRES

# Appendix 7

# CLEMONS' PROPERTY CLAIM UNDER

# OHIO CONSTITUTION ARTICLE II § 35

ENTITLED PROPERTY OF CORNELIUS CLEMONS

PURSUANT TO:        OHIO CONSTITUTION  ARTICLE II § 35

"[H]e is entitled to moderate compensation in all cases of injury, and has a certain and speedy

remedy without the difficulty and expense of establishing negligence or proving the amount of

the damages. See Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 US 59, 93

(1978), see also New York Central R. Co. v. White, 243 US 188, 201 (1917).

## SUMMARY OF MODERATE COMPENSATION

The petitioner relies upon the following Compensation:

| | |
|---|---|
| Lost Wages for the first 18 months of | $57,000.00 |

Annual wage of $38,000*1.5

| | |
|---|---|
| Lost Wages for the second 18 months of | $90,000.00 |

Annual wage of $60,000*1.5
Petitioner were to graduate with bachelor degree in Healthcare Administration of which
salary begins near $60,000.00

| | |
|---|---|
| Personal accumulated health expense | $13,000.00 |

All bills may not have been calculated and this bills is primarily for examination without
treatment being affordable.

| | |
|---|---|
| Physical Impairment and Treatment of Arthritis | $50,000.00 |

Arthritis in neck, back, shoulders, hip

| | |
|---|---|
| Physical Impairment and Treatment of | |
| Post-traumatic Myofascial Pain Syndrome/ Fribromyalgia | $100,000.00 |

Left and Right side muscle strain

| | |
|---|---|
| Physical Impairment and Treatment of Disc Degeneration Disease | $100,000.00 |

Disc disease of Cervical, Thoracic, Lumbar

| | |
|---|---|
| Future Income Loss | $649,578.00 |

Wage before injury $38,000.00; Hourly Rate of $12.00/hr.; the remaining portion from
overtime hours worked; usually work 60hrs.-80hrs. Weekly.
$12.00*40= $480.00 weekly wage.   $480.00*52= $24,960.00 yearly wage
$38,000.00 - $24,960.00 = $13,040.00 missing wage
($13,000.00 * 28yrs.) + with 4% yearly increase = $649,578.00

| | |
|---|---|
| Future Earning Capacity Loss (Definite) | $769,500.00 |

Healthcare Administration -- Diploma Employment
$60,000.00 - $38,000.00 = $22,000.00
($22,000.00 * 28yrs.) + with 4% yearly increase = $1099,287.00
$1,099,287.00 * 70% = $769,500.00

Future Income Loss was calculated by taking my then present hourly wage times the multiple of a 40 hour work week; previously I constantly work 60-80hrs a week. My yearly wage recorded by Workers Compensation is $38,000.00 while without the overtime worked my yearly earnings would have been $24,960.00. There is a difference of $13,040.00. I multiplied the loss wage of $13,000.00 by 28yrs; with a 4% yearly increase in wages. The result is $649,578.00

Future Earning Capacity Loss (Definite) was calculated on the basis that my bachelor degree and subsequent employment as Healthcare Administrator was interrupted by injury; for which anticipation of completion and ability to perform occupation is sufficiently unlikely. Such Loss was calculated at near the minimum of the recorded wage for Healthcare Administrators of $60,000.00; of which $38,000.00 was subtracted with $22,000.00 remaining. The remaining $22,000.00 loss wage is multiplied by 28yrs; with a 4% yearly increase in wages. The result is $1,099,287.00. This is further multiplied by 70% as probability and moderation deduction is given reducing calculation to $769,500.00; although sincere and adequate evidence show high probability for realization with between 2-4 semester for graduation and being on Deans' List winter of 2010-2011. There is currently $120,000.00 financial education debt also supporting Clemons scholastics employment injury claim.

"I declare the above to be true and accurate to the best of my knowledge under penalty of perjury under the laws of the United States of America.

STATE OF OHIO ⎞

⎟SS.      _____  10/24/2016
                    Signature of Affiant      Date

COUNTY OF FRANKLIN ⎠

BEFORE ME, a Notary Public in and for said County and State, personally appeared

Cornelius James Clemons who acknowledged that he did sign the foregoing instrument and that

the same is his own free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal at Columbus,

Ohio, this 24, day of October, 2016

See Attached Notary page-

Page 2 of 2

## ALL PURPOSE ACKNOWLEDGMENT

STATE OF OHIO
COUNTY OF _Franklin_____ }ss.

On _24th day of October , 2016_____ before me, _____
_____Matthew Gambie_____ personally appeared _____
_____Cornelius James Clemens_____,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ _____
                                                                            (NOTARY SEAL)

─────────────────────────────────────────────────────────────────

ATTENTION NOTARY:  Although the information requested below is OPTIONAL, it could prevent fraudulent
attachment of this certificate to another document.

THIS CERTIFICATE **MUST** BE ATTACHED TO          Title of Document Type _Entitled property of Cornelius Clemens_
THE DOCUMENT DESCRIBED AT RIGHT.                  Number of Pages __2__  Date of Document _10/24/16_
                                                  Signer(s) Other Than Named Above _____

# Appendix 8

# CLEMONS' MEDICAL DOCUMENTATION IN SUPPORT OF MEDICAL CLAIMS

Complaint  Tekaskie _____ Age 33  Date Dec 14 2011

1. **History of Present Illness**
   What is the problem you are being sent for today? _Body and physical pain problems_
   back trouble

   Location — Where is the pain? _Neck, Back, shoulder, they out hips_

   Severity — how severe is the pain? Circle one. (little pain) 1 2 3 4 5 6 7 (8) (9) 10 (severe pain)

   Duration — how long have you had the pain? _14_ weeks (months) years

   Associated signs/symptoms _Spinal and neck pain, swelling and back pain_

2. Previous medical problems involving you (circle all that apply):

   Cardiovascular: Heart attack   High blood pressure   Heart rhythm problems   Aneurysm   Leg blood vessel problems
   Stroke   Blood Clots

   Respiratory:   Asthma   Emphysema   Bronchitis   Pneumonia   COPD

   Gastrointestinal: Irritable Bowel Syndrome   Heartburn   Ulcer   Appendicitis   Colitis   GERD   Reflux

   Brain:   Tumor   Aneurysm   Seizure   Stroke   Trauma

   Spine:   Disc Disease   Trauma

   Endocrine:   Diabetes   Thyroid   Prostate

   Cancer:   Type _____   Hospitalized for Infection: _____

   Miscellaneous:   Depression   Anxiety disorder   Bleeding problems   Other: _____

   Arthritis:   Rheumatoid   Gout

   Other: _____

3. Please list **all** prior surgeries: ✗ None.

   | Year | Operation | Year | Operation |
   |------|-----------|------|-----------|
   |  |  |  |  |
   |  |  |  |  |
   |  |  |  |  |
   |  |  |  |  |

4. List **all** medications you are now taking or have taken in the last two weeks:

   | Medicine | Dose / Times per day | Reason for taking |
   |----------|---------------------|-------------------|
   | Cyclobenzaprine | 1-3 | back /for Back pain diagnosis |
   | Promethazine | 2 mg | |
   | Kaliarene - Acetaminophen | 1-2 | |
   | Amitriptyline | 1-2 | |
   | Escitalopram | 2-3 | |
   | Ibuprofen | | |

5. Please list any ALLERGIES (to drugs) _N/A_

## (SEE OTHER SIDE OF PAGE ONE TO CONTINUE HISTORY)

Case: 2:17-cv-00213-EAS-CMV Doc #: 4 Filed: 04/11/17 Page: 101 of 121 PAGEID #: 234

Case: 2:15-cv-00815-GCS-KAJ Doc #: 2-2 Filed: 02/26/15 Page: 59 of 109 PAGEID #: 212
01/04/2006 05:28 1614933467... AGE... DOB...
PAGE 97/34

1. History of Present Illness
   What is the problem you are being seen for today? _Back pack + shoulder pain + headaches_

   Location -- Where is the pain? _Back Neck + both shoulders_

   Severity -- how severe is the pain? Circle one. (little pain) 1 2 3 4 5 6 7 8 9 (10 severe pain)

   Duration -- how long have you had the pain? _14_ weeks (months) /years
   Associated signs/symptoms _Migraine Headaches Stiffness limited Range of motion Dizziness, Numbness Tingling_

2. Previous medical problems involving you (circle all that apply):

   Cardiovascular: Heart attack   High blood pressure   Heart rhythm problems   Aneurysm   Leg blood vessel problems
   Stroke   Blood Clots

   Respiratory:   Asthma   Emphysema   Bronchitis   Pneumonia   COPD

   Gastrointestinal: Irritable Bowel Syndrome   Heartburn   Ulcer   Appendicitis   Colitis   GERD   Reflux

   Brain:   Tumor   Aneurysm   Seizure   Stroke   Trauma

   Spine:   Disc Disease   Trauma

   Endocrine:   Diabetes   Thyroid   Prostate

   Cancer:   Type: _____   Hospitalized for Infection: _____

   Miscellaneous:   Depression   Anxiety disorder   Bleeding problems   Other: _____

   Arthritis:   Rheumatoid   Gout

   Other: _____

3. Please list all prior surgeries:
   | Year | Operation | Year | Operation |
   |------|-----------|------|-----------|
   |      |           |      |           |
   |      |           |      |           |
   |      |           |      |           |

4. List all medications you are now taking or have taken in the last two weeks:
   | Medicine | Dose / Times per day | Reason for taking |
   |----------|----------------------|-------------------|
   |          |                      |                   |
   |          |                      |                   |
   |          |                      |                   |
   |          |                      |                   |

5. Please list any ALLERGIES (to drugs) _____

## (SEE OTHER SIDE OF PAGE ONE TO CONTINUE HISTORY)

Case: 2:17-cv-00213-EAS-CMV Doc #: 4 Filed: 04/11/17 Page: 102 of 121 PAGEID #: 235
Case: 2:17-cv-00213-EAS-KAJ Doc #: 1-2 Filed: 03/02/17 Page: 103 of 109 PAGEID #: 216
Case: 15-3995   Document: 1-3   Filed: 09/14/2015   Page: 54



# East Central Columbus Neighborhood Health Center

1180 East Main Street
Columbus, OH 43205
Phone: 614-645-5535
Fax: 614-645-5546

**Clinical Summary for Cornelius Clemons [DOB:** ~~~~ **]**

Contact information on file: 924 E Main St Friends of the Homeless, Columbus, OH, 43205 Phone: (614) 816-9020

**Date of Encounter:** 04/14/2015 09:28 AM

**Well Adult Visit**

Well adult
Current Plans:
- CBC, PLATELETS & AUT DIFF (85025); Routine ()
- METABOLIC PANEL, COMPREHENSIVE (80053); Routine ()
- HIV-1 & 2 ANTBDY-SNGL ASAY (86703); Routine ()
- URINE DIP (IN HOUSE) (81002); Routine ()
- URINE CULTURE (87086); Routine ()
- HEPATITIS PANEL (80074); Routine (hml 100%)
- Referred to OSU Rheumatology & Nephrology, (Rheumatology)
- How to access health information online
- 3 month follow up

Possible exposure to STD
Current Plans:
- Chlamydia, Gonorrhea, and Trichomonas (87491); Routine ()

Fibromyalgia
Current Plans:
- RHEUMATOID FACTOR-QUANT (86431); Routine ()
- SED RATE ERYTHROCYTE (85651); Routine ()
- ANA (ANTINUCLEAR ANTIBODY) With Reflex to Multiple Confirmatory Tests (86038); Routine ()

Bulging disc
DDD (degenerative disc disease)
Arthritis
Fibromyalgia
Well adult
Possible exposure to STD

**Active Medication List**
- No Current Medications  specific dose unknown

Case: 2:17-cv-00213-EAS-CMV Doc #: 4 Filed: 04/11/17 Page: 103 of 121 PAGEID #: 236

Case: 2:17-cv-00175-GCS-KAJ Doc #: 1-2 Filed: 02/28/17 Page: 91 of 109 PAGEID #: 95
Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 10 4:08 PM-13CV005646

0B250 - Q7

## GRANDVIEW FAMILY PRACTICE
### 1550 W. 5TH AVENUE
### COLUMBUS, OHIO 43212-2473

TELEPHONE: (614) 488- 7929

FAX: (614) 488-0226

CHARLES B. MAY, D.O.
STEPHEN ALTIC, D.O.

KATHERINE RAPP, PA-C
JOSEPH R. STEIN, PA-C

October 02, 2012

c/o: Cornelius Clemons
4555 Lakeside Street N., Apt D
Columbus, OH 43232

Re: Cornelius Clemons
Claim #: 01-858586

Claim Allowances: Sprain Cervical, Sprain Left Trapezius

To whom it may concern:

Mr. Clemons is being treated in this office for injuries to the cervical spine and left trapezius as a result of a 10/01/2010 work injury which was a motor vehicle accident. Please refer to my previous medical report to 3-HAB dated 01/10/2012 which covered my first evaluation of Mr. Clemons in the office. Since then we have received multiple medical records.

Mr. Clemons continues to suffer from neck pain and left trapezius and scapular pain, worse with most use of his left upper extremity. He is has some dysesthesias in the left trapezius and periscapular area. On physical examination, there are multiple trigger points with referred pain; mainly to the left side in the cervical and left trapezius ridge. There is myospasm present. There is restricted range of motion of the cervical spine on all planes, secondary to pain. There is no objective evidence of radiculopathy or myelopathy. In my medical opinion, Cornelius Clemons suffers from a posttraumatic myofascial pain syndrome as a direct and proximate result of his 10/01/2010 work injury.

If you require further information, please do not hesitate to contact me.

Yours very truly,

Charles B. May, D.O.

OB256 - Q50 Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 18 1:39 PM-13CV005646

OCT/03/2012/WED 03:16 PM   Grand___ Family        FAX No. 614 488 02.____          P. 001/001

# Ohio | Bureau of Workers' Compensation

Medical Report

Instructions for the physician
- BWC will use this medical report as part of an application for wage loss compensation.
- Please complete this report in its entirety.
- Attach additional information that you feel will enhance this report.
- The attending physician must complete and submit this report every 90 days if restrictions are temporary or every 180 days if restrictions are permanent.

Injured worker name: Cornelius Clemons
Claim number: 10-855586
Name of physician completing the report: Charles B May
Telephone number: 614-485-7929    Fax number: 614-485-0026
Address: 1550 W Sim Ave
City: Columbus   State: OH   Date of birth/SS only: 4/32/12
Date of this report: 9-27-12
Date of last medical examination: 9-27-12

List the allowed conditions in the claim that are causing the restrictions listed below:
847.0
840.8 (1)



Based on the allowed conditions of this claim, please list any additional restrictions not specified in the physical capacity section.
push & pull occasionally
No operating Machinery

Physician name (Please print): Charles B May DO

Date: 9-27-12

BWC-1387 (Rev. 03/2008)
C-160 Pg. 2

01/12/2012 18:08 Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 JaN18 1:39 PM-13CV005846  61/62
0B266 - Q54

## GRANDVIEW FAMILY PRACTICE
1550 W. 5TH AVENUE
COLUMBUS, OHIO 43212-2473

TELEPHONE: (614) 488-7929

FAX: (614) 488-6226

CHARLES B. MAY, D.O.
STEPHEN ALTIC, D.O.

JOHN GULUZIAN, D.O.
KATHERINE RAPP, PA-C
JOSEPH R. STEIN, PA-C

January 10, 2012

3-HAB
Fax: 1-800-869-7872

Re: Cornelius Clemons
Claim #: 10-858586
Date of Service: January 02, 2012

Claim Allowances: 840.9, left trapezius muscle sprain/strain; 847.0, cervical sprain/strain

Dear Sir/Madam:

Mr. Clemons presents to our office on 01/02/2012 for evaluation and treatment of his injury sustained while at work on 10/01/2010.

Mr. Clemons states that on this date he was driving a forklift/clamp truck. He states that while driving this clamp truck he was t-boned in the warehouse by another clamp truck. He states that this second clamp truck was behind him. Mr. Clemons states that he went to turn his clamp truck. The truck behind him did not notice and continued forward, t-boning Mr. Clemons. He states that he was wearing a waist belt. He states that he was jerked forcefully during this impact. He denies any loss of consciousness. Mr. Clemons is somewhat of a poor historian. Unfortunately, he no longer has an attorney to help provide us records. He has had several physicians of record. He states that he has seen a chiropractor. He has also seen Dr. Scherb at OSU Occupational Health. He denies ever having physical therapy. He states that he did receive one Toradol injection; however, he has not had any other injections for this injury. He has undergone vocational rehabilitation. Mr. Clemons states that he did have an MRI of his cervical spine in approximately December of 2010. This did show some bulges in the discs of his cervical spine. He states that he has had an x-ray of the cervical spine and left shoulder. He also describes an EMG of the upper extremities. Unfortunately, we have no records to review regarding these previous studies at this time. He is unsure if he has ever had an MRI of the left shoulder itself. He states that he did see Dr. DeGenova outside the coverage of this claim. He states that he paid for an initial consultation. He is unsure of Dr. DeGenova recommendations for his neck and left shoulder. He is awaiting Dr. DeGenova report. He states that he saw him recently in the middle of December. He is hopeful that Dr. DeGenova will be able to recommend a treatment plan for his neck and left shoulder symptoms. He states that he is currently not taking any medications for this injury. He denies having a brace, a cane or a TENS unit. He states that he is right-handed. He describes one other industrial claim. However, this involved only a minor cut to one of the fingers of the left hand. He denies any other industrial claims aside from this laceration to a finger. He denies any injury to his neck or left shoulder since this accident occurred. Mr. Clemons does describe a motor vehicle collision in 2000 involving his neck. He states that his symptoms resolved with time and conservative treatment. He states that he was working without problem until this injury occurred on 10/01/2010. At this time, he denies any medical problems. His

past medical history is noncontributory. He is not working at this time. When this injury occurred, he was employed as a clamp truck operator. He states that he was terminated in February of 2011. He is now receiving unemployment.

Mr. Clemons describes continued neck pain. He states that his pain radiates into the thoracic and lumbar region. He also describes pain in the left trapezius and left shoulder. He notes intermittent paresthesias in the left upper extremity. These paresthesias extend into the first through third fingers of the left hand. He describes pain in the upper extremities bilaterally. However, the left side is much more severe than the right. He notes decreased range of motion and strength in the left upper extremity and left shoulder. He states that his left shoulder is cracking and popping.

In our office, Mr. Clemons is a pleasant, well-appearing 35-year-old man who is awake, alert and oriented x3. His blood pressure is 132/80. His weight is 146 lbs. His height is 5'9". Again, he is right-handed. On examination, we note cervical spine tenderness with palpation. There is paravertebral muscle tenderness, myospasms and trigger points noted in the cervical region. The left side is much more severe than the right. There is left trapezius tenderness and spasm noted. We also note mild left glenohumeral joint tenderness with palpation. He has painful and restricted range of motion in all planes of the cervical spine and left shoulder. His strength is 5/5 in the bilateral upper extremities. His sensation is intact. His deep tendon reflexes are +2.

In our medical opinion, the present complaints and physical findings along with the allowed conditions are directly and proximately due to his injury sustained while at work on 10/01/2010.

Again, Mr. Clemons is somewhat of a difficult historian. We have no records to review in our office. We are attempting to obtain these from OSU Occupational Medicine as well as Dr. DeGenova. At this time, he will continue a home exercise program. We will see him back in 2-3 months for reevaluation. We hope to have records to review by that time. If he has any other problems or concerns, he will contact us sooner.

Thank you for your consideration.

Yours very truly,

Charles B. May, D.O.

Dictated by Katherine Rapp, PA-C









Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 18 1:39 PM-13CV007616

FOR DEPOSIT ONLY

Patient's Name: Clemons, Cornelius

JAN/22/2013 [illegible] of the Common Pleas [illegible] 1:39 PM-13CV [illegible]/009

0B266 - 061

Case No. T/W   Patient's Name: Clemons, Cornelius   Sheet ___ of ___

| Mo. | Day | Yr. | Subsequent Visits And Findings |
|---|---|---|---|
| 10 | 3 | 12 | C140 → BWC. |
| 12 | 19 | 12 | Cornelius (36) BP 134/90 Wt 166.8 Ht 5'8 |
| | | | C/o follow up neck |
| | | | (Interim and history reviewed) — Not working since 12-16-[illegible] (temp agency); not receiving wage loss; [illegible] covering [illegible] |
| | | | S: Neck/upper back → |
| | | | · Working ("with temps available") [illegible] temp agency, now [illegible] at "[illegible]", [illegible] [illegible] |
| | | | — Completed [illegible] but did not [illegible] services of [illegible]. |
| | | | · Neck/upper back pain [illegible] same [illegible] / [illegible] [illegible] variable intensity based on daily activities |
| | | | — [illegible] [illegible] [illegible] [illegible] back/[illegible] pain → DX [illegible] [illegible], Rx [illegible]/[illegible] (12-[illegible]-12) |
| | | | — Worst area = [illegible] [illegible] [illegible]/[illegible]; (R) [illegible] back pain [illegible] |
| | | | O: Seated comfortably, [illegible] + [illegible] [illegible] upper/[illegible] [illegible] of [illegible] [illegible] & [illegible]; sore to sites (B) [illegible] / [illegible] [illegible] |
| | | | — [illegible] C-spine / (B) [illegible] all planes; [illegible] [illegible] [illegible] most [illegible] |
| | | | A/P: 847.0, 840.8 (E) |
| | | | — Continue HEP |
| | | | — Looking for work |
| | | | — C140, [illegible] [illegible] to complete |
| | | | — Discussed need for [illegible] [illegible] |
| | | | f/u 3 months [illegible] [signature] |

Medical Repository, 1/22/2013 5:36:09 PM [Eastern Standard Time]

0B266 - 06

513/221-3423          P.O. Box 429340
Fax 513/221-3008      Cincinnati, OH 45242-9540
1-800-989-1871
www.3hab.com

For Job-Related Injuries

DATE: _____1-30-13_____

TO: _____BNC/7_____              PHONE NO: _____
    _____Dr. May_____           FAX NO: _____

FROM:  Erin C.                   PHONE NO: (513) 221-3422 x3066
       Care Coordinator          FAX NO:   (513) 221-2008
                                           (800) 869-1872

RE: ____Cornelius Clemons 10-858_____

COMMENTS: ____Bill Daniel  OS S 12/18/12____

_____

_____

_____

_____

_____

_____

CC: Cornelius Clemons  mailed
    Ursula Pickett  423-643-3643
    Desiree Tam  215-922067

Number of pages (including cover sheet): ___2___

THE INFORMATION CONTAINED HEREIN IS PRIVILEGED AND CONFIDENTIAL INFORMATION. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE DELIVERY TO THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS INFORMATION IS STRICKLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE BY MISTAKE, PLEASE NOTIFY US AS SOON AS POSSIBLE BY TELEPHONE AND REVERSE THE CHARGES. RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE POSTAL SERVICE. THANK YOU.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 JUN 03 7:02 PM-13CV005646

**US HealthWorks** MEDICAL GROUP

**SHOULDER**
WC Established Patient

**MA / NURSE NOTES:** Since last visit:

Current Medications: _none_

Allergies: _NKDA_  Pulse: _62_  BP: _130/78_  Resp: ___  Temp: _96.8_  Any medication/ treatment problems or side effects: _non p._  Completed by: _J. Shabazz smn_

**SUBJECTIVE COMPLAINTS:** ☑ I reviewed the patient's health history, as documented on (date of first visit) _10/21/10_ and any interval history changes are updated below.

HPI:  Chief Complaint: _L trapezius_  Location: _L superior trapezius/ mid area just superior to_

Characteristics:  Onset: ☐ Faint ☐ Sharp ☐ Dull ☐ Tingling ☐ Burning  Severity: ☐ Minimal ☐ Mild ☐ Moderate ☐ Severe

Timing: ☐ Occasional ☐ Intermittent ☐ Constant  Duration: ___ Min ___ Hrs ___ Days _15 mo_

Since the last visit: ☐ Yes ☑ No  Any new symptoms or complaints? If so, describe:

Patient is ☐ feeling ☐ worse / ☐ same.  Treatment ☑ was / ☐ was not) followed and (☑ was / ☐ was not) tolerated.  Current Work Duty: ☐ Regular / ☐ Mod / ☐ Off

_Palpable 1.5 cm  mass supra clavicular area_

Associated Signs/Symptoms: ☑ None  ☐ Yes ☑ No Arm pain?  ☐ Yes ☑ No Arm numbness or tingling?  ☐ Yes ☑ No Arm weakness?

☐ Yes ☑ No Pain with motion?  ☐ Yes ☑ No Swelling?  ☐ Yes ☐ No Restricted motion?  Other: ___

**OBJECTIVE FINDINGS:**  (Check all that apply and explain any Yes answers below)

1. ☐ Yes ☑ No  Disoriented to time, place and person, or non-alert?
   ☐ Right ☐ Left
2. ☐ Yes ☑ No  Erythema, ☐ ecchymosis, ☐ scars, ☐ masses or ☐ swelling in the shoulder?
3. ☐ Yes ☑ No  Tenderness, ☐ deformity, or ☐ subluxation of the ☐ shoulder joint, ☐ sternoclavicular and/or ☐ acromioclavicular joints?
4. ☐ Yes ☑ No  Tenderness of ☐ trapezius, ☐ deltoid, and/or ☐ upper extremity muscles?
5. ☐ Yes ☑ No  Restricted range of motion of the shoulder?  Flexion: R___ L___ /180°  Extension: R___ L___ /50°
   Int. Rot: R___ L___ /90°  Ext. Rot: R___ L___ /90°  Abduction: R___ L___ /180°  Adduction: R___ L___ /50°
6. ☐ Yes ☑ No  Weakness of the upper extremity muscles?
7. ☐ Yes ☑ No  Abnormal deep tendon reflexes of the upper extremity?
8. ☐ Yes ☑ No  Sensory changes in light touch and pinprick of upper extremity?
9. ☐ Yes ☑ No  Asymmetry or ☐ decreased distal pulses of upper extremity?
10. ☐ Yes ☑ No  Abnormal exam of the ipsilateral ☐ arm, ☐ elbow, ☐ forearm, ☐ hand or ☐ wrist?
11. ☐ Pos ☐ Neg  Drop-arm sign for rotator cuff integrity.

_Prominence over (L) supraclavicular area. Advised to see family physician - possibly apex of lung involved - recommend_

**DIAGNOSTIC TESTS:**  ☐ Additional / ☐ Repeat  Radiographs: R / L  Shoulder  Other: _CXR  Chest_  Number of views: ___  X-Ray #: ___
Preliminary x-ray reading: ☐ Normal / ☐ Abnormal ___  ☐ Sent to radiologist
☐ Additional / ☐ Repeat  Laboratory: ___
Laboratory: ☐ Normal / ☐ Abnormal ___  _a few compiled_  ☐ Discussed with patient

**DIAGNOSES:** Current Diagnoses: _CXR atelesis pn_  ☐ Diagnosis added ___  ICD9: ___

**TREATMENT PLAN:**
Medications: ☐ New / ☐ Refill / ☐ Continue. Specify: ___
Supplies: ☐ The following medical supplies were dispensed, applied and fitted for proper support and patient instructed in proper use and care:  ☐ Disp. / ☐ Pres.

☐ Physical Therapy: Evaluate and treat ___ times/week for ___ weeks.  ☐ Chiropractic Therapy: Evaluate and treat ___ times/week for ___ weeks.
☐ Interpreter used  ☐ Certified Interpreter unavailable.  Name: ___
Work Status: ☐ Regular work  ☐ Modified work  ☐ Off work. Explain: ___
☐ Counseling visit:  Total duration of visit: ___ mins. Total duration of patient counseling: ___ mins.
Return to clinic on: _on change_
☐ Discharged from care. No further treatment is anticipated at this center at this time.  _supraclavicular mass_

MD/Nurse completing medical orders:

_Primary Care Physician to work up_

☑ Referral / ☐ Consult to: ___  Reason: ___

LABELS

**PHYSICIAN**  Signature: _Steven C Mann MD_
Name: _Steven C Mann MD_

___ OF THE DOCUMENTATION ABOVE.

**SHOULDER**
WC Established Patient

ENCO/WHIRLPOOL  15768

DOS: 10/04/10  DOI: 10/01/10  DOB: ___

Patient: CLEMONS, CORNELIUS

Case # : 640-106520  Ref # : ___

Incident #: ___

Date: ___

© US HealthWorks

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 JUN03 7:02 PM-13CV005646

02237 - X94



East Columbus · 4849 East Main Street · Columbus, OH 43213 · (614) 863-5188 · Fax (614) 863-3560
West Columbus · 4821 Roberts Road · Columbus, OH 43228 · (614) 850-1476 · Fax (614) 850-1478

| LAST-NAME CLEMONS, | FIRST CORNELIUS | MIDDLE | PATIENT I.D. # 106520 | DATE 12-3-10 |
|---|---|---|---|---|
| ADDRESS | | | EXAM REQUESTED LEFT SHOULDER (3) | |
| CITY | STATE | ZIP | | |
| TELEPHONE | | | CLINICAL DIAGNOSIS | |
| BIRTHDATE | AGE | | pain superior aspect | |
| ALLERGIES | LMP | | shoulder x 2 wks | |
| PHYSICIAN PARSONS | | | | |

RADIOLOGIST REPORT

(-) Acute finding

✗ no significant abnormality detected

Send for radiologist over read.

Radiologist Signature

White - Chart          Yellow - X-Ray File          Pink - Radiologist

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 03 7:02 PM-13CV005646

0B237 - X97

## US HealthWorks MEDICAL GROUP



SHOULDER
WC Established Patient

**MA / NURSE NOTES:** Since last visit:

Current Medications: NOAIE ___ Any medication/ treatment problems or side effects: ___

Allergies: None - NKDA-NKA Pulse: 88 BP: 134/76 Resp: 2 Temp: 98.4 Completed by: Robert Tallalforskna

**SUBJECTIVE COMPLAINTS:** ☑ I reviewed the patient's health history, as documented on (date of first visit) 10-4-10 and updated any changes below.

HPI: Chief Complaint: Pt states he has sharp pain that radiates... shoulder occur to am. ☑ Shoulder

Quality: ☐ Faint ☐ Sharp ☑ Dull ☐ Tingling ☐ Burning ___ Severity: ☐ Minimal ☑ Mild ☐ Moderate ☐ Severe

Timing: ☐ Occasional ☑ Intermittent ☐ Constant ___ Duration: ___ Min ___ Hrs ___ Days.

Since the last visit: ☐ Yes ☑ No Any new symptoms or complaints? If so, describe:

Patient is ☐ better ☐ worse ☑ same. Treatment ☐ was ☐ was not ☐ followed and ☐ was ☐ was not ☐ tolerated. Current Work Duty: ☑ Regular ☐ Modified / ☐ Off

Associated Signs/Symptoms: ☐ None ☐ Yes ☐ No; Arm pain? ☐ Yes ☐ No; Arm numbness or tingling? ☐ Yes ☐ No; Arm weakness?
☑ Yes ☐ No; Pain with motion? ☐ Yes ☐ No; Swelling? ☐ Yes ☐ No; Restricted motion? Other:

**OBJECTIVE FINDINGS:** ☐ Right ☑ Left (Check all that apply and explain any Yes answers below)

1. ☐ Yes ☑ No Disoriented to time, place and person, and/or non-alert?
2. ☐ Yes ☑ No Erythema, ecchymosis, scars, masses, or swelling in the shoulder
3. ☐ Yes ☑ No Tenderness, deformity, or subluxation of the shoulder joint, sternoclavicular and/or acromioclavicular joints?
4. ☑ Yes ☐ No Tenderness of trapezius, deltoid, and/or upper extremity muscles?
5. ☐ Yes ☑ No Restricted range of motion of the shoulder? Flexion: R___ L___ /180° Extension: R___ L___ /50°
   Int. Rot: R___ L___ /80° Ext. Rot: R___ L___ /90° Abduction: R___ L___ /180° Adduction: R___ L___ /50°
6. ☐ Yes ☑ No Weakness of the upper extremity muscles?
7. ☐ Yes ☑ No Abnormal deep tendon reflexes of upper extremity?
8. ☐ Yes ☑ No Sensory changes to light touch and pinprick of upper extremity?
9. ☐ Yes ☑ No Asymmetry or decreased distal pulses of upper extremity?
10. ☐ Yes ☑ No Abnormal exam of the ipsilateral arm, elbow, forearm, hand or wrist?
11. ☐ Pos ☐ Neg Drop-arm sign for rotator cuff integrity?

**DIAGNOSTIC TESTS:** ☐ Additional / ☐ Repeat Radiograph: [ L R ] Shoulder ☐ Other: ___ Number of Views ___ X-Ray #: ___
Preliminary x-ray reading: ☑ Normal ☐ Abnormal ___ ☐ Sent to radiologist
☐ Additional / ☐ Repeat Laboratory: ___
Laboratory: ☐ Normal ☐ Abnormal ___

**DIAGNOSES:** Current Diagnoses: ___ ☑ Diagnosis added ___ ICD9: ___

**TREATMENT PLAN:**

Medications ☐ New / ☐ Refill / ☐ Continue Specify: ___ ☐ Dispensed ☐ Prescribed

Supplies ☐ The patient was instructed in the use and care of the following applied/fitted medical supplies:
☐ Cold-Pack ☐ Hot Pack ☐ Bandg Lin. ☐ Thera Gel ☐ Arm sling ☐ Cervical Pillow ☐ Other: ___
☑ Physical Therapy: Evaluate and treat ___ times/week for ___ weeks
Work Status: ☑ Regular ☐ Modified ☐ Off work
Interpreter ☐ required. Name: ___
Return to clinic on: 12-15-10
☐ Counseling Visit. Total duration of visit: ___ mins. Total duration of patient counseling: ___ mins.

☐ Referral / ☐ Consult to: ___ Reason: ___
☐ Discharged from care. No further treatment is anticipated at this center at this time.

MA/nurse completing medical orders: ___
LABELS

**PHYSICIAN** Signature: ___

Name: Steve Parsons MD 15768

KENCO/WHIRLPOOL ... F THE DOCUMENTATION ABOVE.
SHOULDER
WC Established Patient
DOS: 12/03/10 DOI: 10/01/10 DOB: ___ of injury: ___ incident #: ___ Date: ___
Patient: CLEMONS, CORNELIUS © US HealthWorks
Case #: 640-106520 Ref #: sj

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 03 7:02 PM-13CV005646

OB237 - X98

Physician's Request for Medical Service, or
Recommendation for Additional Conditions
for Industrial Injury or Occupational Disease

Instructions for completing C-9 on reverse side.

Injured worker name: Cornelius Clemons
Injured worker address:

II. Requested Services
Treating diagnosis ICD-9 code(s):
1.
2. Physical Therapy
3. 3x a wk Eval
4.

III. Additional Conditions
If you are recommending additional conditions to the claim, supporting documentation is required.

IV. Physician Info
First name of Physician of Record
US BENEFIT WORKERS MEDICAL, FL 9437
4849 N. MAIN STREET
COLUMBUS, OHIO 43215
614-401-9186

Physician/physical signature: Steve Parsons
BWC Provider number: 31-1540841 03
Date: 12-7-20

V. MCO Employer Decision
☐ Approved
☐ Amended approval
☐ Denied Explanation

VI. Employer Decision

VII. Employer
Self-insuring employer signature

BWC-1179 (rev. 10/21/2004)
C-9 (Combines C-3-A & C-161)

03237 — Y3 Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 03 7:02 PM-13CV006646



East Columbus • 4849 East Main Street • Columbus, OH 43213 • (614) 863-5188 • Fax (614) 863-3560
West Columbus • 4821 Roberts Road • Columbus, OH 43228 • (614) 850-1476 - Fax (614) 850-1478

| LAST NAME CLEMONS, FIRST CORNELIUS MIDDLE | PATIENT I.D.# 106520 DATE 12-7-10 |
|---|---|
| ADDRESS | EXAM REQUESTED C-SPINE (5V) |
| CITY STATE ZIP | |
| TELEPHONE | CLINICAL DIAGNOSIS |
| BIRTHDATE AGE | |
| ALLERGIES LMP | |
| PHYSICIAN MANN | |

RADIOLOGIST REPORT 12/07/10

_____ no significant abnormality detected

__X__ Send for radiologist over read.

Radiologist Signature _____

White - Chart          Yellow - X-Ray File          Pink - Radiologist

03237 - Y13 Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 03 7:02 PM-13CV005646

Received Time Dec. 23. 2010 11:17AM No. 0212

## US HealthWorks
MEDICAL GROUP

NECK
Page 1 of 2    WC New Patient

**Associated Symptoms:** ☐ None (Check all that apply)
☑ Yes ☐ No; Arm pain?  ☑ Yes ☐ No; Arm numbness or tingling?  ☐ Yes ☐ No; Arm weakness?  ☑ Yes ☐ No; Neck pain with motion?
☐ Yes ☑ No; Neck swelling?  ☑ Yes ☐ No; Restricted motion?  ☐ Yes ☐ No; Recent URI symptoms?  ☐ Yes ☐ No; Bowel/Bladder dysfunction?
Other:

**EXAM:** (Check all the statements that apply and explain any Yes answers below. If not all items in a statement are positive, circle and explain those that apply.)
1. ☐ Yes ☑ No  Malnourished and/or underdeveloped?
2. ☐ Yes ☐ No  Disoriented to time, place and person and/or non-alert?
3. ☐ Yes ☑ No  Mood and affect appear inappropriate?
4. ☐ Yes ☐ No  Abnormal posture or gait?
5. ☐ Yes ☐ No  Loss of cervical lordosis?
6. ☐ Yes ☐ No  Erythema, ecchymosis, scars, masses, swelling, or deformities in neck?
7. ☐ Yes ☐ No  Neck stiffness or splinting.
8. ☐ Yes ☐ No  Posterior cervical tenderness? ② C4,5 areas
9. ☑ Yes ☐ No  Tenderness or muscle spasms in the ☑ Paracervical ☐ Sternocleidomastoid ☑ Trapezius muscles?
10. ☐ Yes ☑ No  Abnormal thyroid palpation?
11. ☐ Yes ☐ No  Restricted range of motion of the neck? (If Yes, specify restrictions below)
    Flex. ↙45° Ext. 35°/55°  Lat. Flexion R: 50 L: 30 /40°  Lat. Rotation R: 70 L: 55 /70°
12. ☐ Yes ☑ No  Weakness of the upper extremity muscles? (If Yes, grade the weakness below.)
    Shoulder abduction (C5) R:___ L:___ /5  Wrist extension (C6) R:___ L:___ /5  Wrist flexion (C7) R:___ L:___ /5
    Finger extension (C7) R:___ L:___ /5  Finger Flexion (C8) R:___ L:___ /5  Shoulder adduction (T1) R:___ L:___ /5
13. ☐ Yes ☑ No  Abnormal deep tendon reflexes in upper extremities? (If Yes, grade the response below)
    Biceps (C5) R:___ L:___ /2  Brachioradialis (C6) R:___ L:___ /2  Triceps (C7) R:___ L:___ /2
14. ☐ Yes ☑ No  Sensory changes to light touch and pinprick in upper extremities? (If Yes, specify area of decreased sensation below)
    R / L  Lat. arm sensation (C5)   R / L  Lat. forearm sensation (C6)   R / L  Middle finger sensation (C7)
    R / L  Medial forearm sensation (C8)   R / L  Medial arm sensation (T1)
15. ☐ Yes ☑ No  Abnormal pulses in neck and upper extremities? (If Yes, grade the intensity) Carotid R:___ L:___ /4  Radial R:___ L:___ /4
16. ☐ Yes ☑ No  Cervical lymphadenopathy?
17. ☐ Yes ☑ No  Signs of apparent respiratory distress (tachypnea, hyperpnea, etc.)?
**Maneuvers and Tests**
18. Dynamometer (JAMAR) Setting #:___ Right:___ lbs.  Left:___ lbs.
19. ☑ Pos ☐ Neg  Cervical compression test for nerve root compression.  20. ☐ Pos ☐ Neg  Cervical distraction test for nerve root compression.
21. ☐ Pos ☑ Neg  Valsalva maneuver for cervical space-occupying lesions.  22. ☐ Pos ☐ Neg  Other:___
**Explanation of abnormalities and other physical findings:**

Strain injury of Trapezius has healed. This is
referred pain from his neck. He should have
x-rays, if not improving with Physical Therapy
an MRI & contrast should be done. He [longly?]
in the ② arm should be worked up with an
EMG / NCS ① upper extremity.



Other injuries associated with this incident:____  (Document appropriately)

**DIAGNOSTIC TESTS:** Radiographic series of the ☐ Cervical Spine  ☐ Other:____  Number of views 52  X-Ray #:____
☐ CBC / Differential  ☐ Chemistry  ☐ Urinalysis Dipstick  ☐ Urinalysis  Other:____
**Results:** Preliminary x-ray reading: ☐ Normal ☑ Abnormal: ____ Straightening C2-3-4-5 ☐ Sent to radiologist
Laboratory:  ☐ Normal ☐ Abnormal:____

KENCO/WHIRLPOOL    13768    HE DOCUMENTATION ABOVE,    NECK
DOS:12/07/10  DOI:10/01/10  DOB: ____    Page 1 of 2    WC New Patient
Patient: CLEMONS, CORNELIUS    Xref #:____    Date:____
Case #: 640-106520  Ref #: st    © US HealthWorks

OB237 - Y14 Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 03 7:02 PM-13CV005646

## US HealthWorks MEDICAL GROUP

SHOULDER
WC Established Patient

**MA / NURSE NOTES:** Since last visit:
Current Medications: _____
Allergies: _____ Pulse: _108_ BP: _____ Resp: _____ Temp: _____ Completed by: _____
Any medication/ treatment problems or side effects: _____

**SUBJECTIVE COMPLAINTS:** ☑ I reviewed the patient's health history, as documented on (date of first visit) _10/07/10_, and updated any changes below.
HPI: Chief Complaint: _____ Location: _____
Quality: ☐ Faint ☐ Sharp ☐ Dull ☑ Tingling ☐ Burning   Severity: ☐ Minimal ☐ Mild ☑ Moderate ☐ Severe
Timing: ☐ Occasional ☑ Intermittent ☐ Constant   Duration: ___ Min ___ Hrs ___ Days _____
Since the last visit: ☐ Yes ☑ No, Any new symptoms or complaints? If so, describe: _____
Patient is ☐ better ☐ worse ☐ same. Treatment ☐ was ☐ was not) followed and ☐ was/ ☑ was not) tolerated. Current Work Duty: ☐ Regular ☐ Modified / ☐ Off

_Patient having pain over C/R area, radiating down. ⊕ superior_
_Glenohumeral joint - no pain and F ROM. Recommended this_ ___ _be_

Associated Signs/Symptoms: ☐ None   ☑ Yes ☐ No; Arm pain?   ☑ Yes ☐ No; Arm numbness or tingling?   ☐ Yes ☑ No; Arm weakness?
☐ Yes ☑ No; Pain with motion?   ☐ Yes ☑ No; Swelling?   ☐ Yes ☑ No; Restricted motion?   Other: _____

**OBJECTIVE FINDINGS:** ☐ Right ☑ Left   (Check all that apply and explain any Yes answers below)
1. ☐ Yes ☑ No   Disoriented to time, place and person, and/or non-alert?
2. ☐ Yes ☑ No   Erythema, ecchymosis, scars, masses, or swelling in the shoulder
3. ☐ Yes ☑ No   Tenderness, deformity, or subluxation of the shoulder joint, sternoclavicular and/or acromioclavicular joint?
4. ☑ Yes ☐ No   Tenderness of trapezius, deltoid, and/or upper extremity muscles?
5. ☐ Yes ☑ No   Restricted range of motion of the shoulder?   Flexion: R ___ L ___ /50°   Extension: R ___ L ___ /50°
   Int. Rot: R ___ L ___ /80°   Ext. Rot: R ___ L ___ /90°   Abduction: R ___ L ___ /180°   Adduction: R ___ L ___ /50°
6. ☐ Yes ☑ No   Weakness of the upper extremity muscles?
7. ☐ Yes ☑ No   Abnormal deep tendon reflexes of upper extremity?
8. ☐ Yes ☑ No   Sensory changes to light touch and pinprick of upper extremity?
9. ☐ Yes ☑ No   Asymmetry or decreased distal pulses of upper extremity?
10. ☐ Yes ☑ No   Abnormal exam of the ipsilateral arm, elbow, forearm, hand or wrist?
11. ☐ Pos ☑ Neg   Drop-arm sign for rotator cuff integrity.

_changed to include_
_cervical spinal spasm_
_cervical_ _only_
_Has sensation down ⓛ arm_
_like a tingling sensation_
_ends in the palm. Goes_
_down lateral side ⊕_
_arm and occasionally edge_
_medial side upper arm._

**DIAGNOSTIC TESTS:** ☐ Additional / ☐ Repeat Radiographs: L / R ☐ Shoulder ☐ Other: _____ Number of views: ___ X-Ray #: _____
☐ Preliminary x-ray reading: ☐ Normal ☐ Abnormal: _____ ☐ Sent to radiologist
☐ Additional / ☐ Repeat Laboratory: _____
Laboratory: ☐ Normal ☐ Abnormal: _____

**DIAGNOSES:** Current Diagnoses _cervical muscle strain_ ☐ Diagnosis added _____ ICD9: _____

**TREATMENT PLAN:** _Vimovo 500/20 T ps PC BID (20)_
Medications ☐ New / ☐ Refill / ☐ Continue Specify: _____ ☐ Dispensed ☐ Prescribed
Supplies ☐ The patient was instructed in the use and care of the following applied/fitted medical supplies:
☐ Cold Pack ☐ Hot Pack ☐ Bandaj Lin. ☐ Thera Gel ☐ Arm sling _____ ☐ Cervical Pillow ☐ Other: _____
☐ Physical Therapy: Evaluate and treat _____ times/week for _____ weeks
Work Status: ☐ Regular ☐ Modified ☐ Off work
Interpreter ☐ required. Name: _none_
Return to clinic on: _12/13/10_
☐ Counseling Visit. Total duration of visit: _____ mins. Total duration of patient counseling: _____ mins.

MA/Nurse completing medical orders:
☐ Referral / ☐ Consult to: _____ Reason: _____ LABELS
☐ Discharged from care. No further treatment is anticipated at this center at this time.

**PHYSICIAN** Signature: _Steven Mann DO_

Name: _Steven M_

KENCO/WHIRLPOOL   15768
DOS:12/07/10 DOI:10/01/10 DOB: _____
Patient: CLEMONS, CORNELIUS
Case # : 660-106520 Ref # : 91

F THE DOCUMENTATION ABOVE.
of Injury: _____ Incident #: _____

SHOULDER
WC Established Patient
Date: _____
© US HealthWorks

0B237 - Y15    Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 03 7:02 PM-13CV005646

**Instructions to physician**
- Please complete items 7 - 13, injured worker name and claim number on this form.
- You may attach additional medical documentation such as diagnostic test results and current treatment plan to support this request.
- Failure to provide complete information may delay or suspend compensation payments to the injured worker.

Injured worker name: *Clemons, Cornelius*
Claim number: *10-858586*

## To Be Completed By Physician of Record

**What was the injured worker's position of employment at the time of injury?**
*Clamp truck driver*

**7**

Can the injured worker return to this position of employment? ☑ Yes ☐ No

Can the injured worker return to other employment, including light-duty work, alternative work, modified work or transitional work? ☐ Yes ☐ No
Please explain, listing any restrictions that may apply. Attach additional sheet if necessary.
*Worker placed on the limit driving interval separated by one hour not driving he could still do his job. Just time restriction to allow less jarring of his cervical spine*

**8**

List diagnosis(es) for allowed conditions being treated, which prevent return to work:
*(L) Trapezius muscle strain*

List diagnosis(es) for other allowed conditions being treated.

Date of last exam or treatment: *12/07/10*

Next appointment date: *12/13/10 - never come in*

Disability dates due to the work related injury/disease
From: *12/07/10*  To: *12/13/10*
*Could work, just fewer hrs driving clamp truck*

Return to work date: *12/13/10*  ☐ Actual ☑ Estimated ☐ Released

**10** The following clinical findings are the basis for my recommendations:
Objective: *paraspinal muscles (L) S tender and (L) trapezius muscle; referred pain down (L) arm medial side (L) upper arm only*
Subjective: *Pain in neck from jarring while driving clamp truck (jeep)*

**11** Has the work-related injury(s) or disease reached a treatment plateau at which no fundamental functional or physiological change can be expected despite continuing medical or rehabilitative intervention (maximum medical improvement)? ☐ Yes ☑ No    If yes give date _____
If no, indicate any barriers preventing normal recovery, or maximum medical improvement. Attach an additional sheet if necessary.
*Strain of trapezius muscle was healed. He had returned to work. His neck pain and radiating pain into (L) trapezius and (L) upper arm seemed to be due to pinched nerve in neck. Further work up was deemed necessary when patient decided to go some where else for treatment.*

**12** Is the injured worker a candidate for vocational rehabilitation services focusing on return to work? ☐ Yes ☐ No  Please explain
*Unknown. Never returned, he has sought care somewhere else.*

## Physician of Record Signature - Mandatory

I certify that the above information is correct to the best of my knowledge. I am aware that any person who knowingly makes a false statement, misrepresentation, concealment of fact or any other act of fraud to obtain payment as provided by BWC or who knowingly accepts payment to which that person is not entitled is subject to felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

**13** Physician of record name: *USHealthWorks, Steven C Mann, DO*
BWC provider number - mandatory: *31-1540841*

Address: *4849 E Main St*  City: *Cols*  State: *OH*  Nine-digit ZIP code: *43213*
Telephone number: *(614) 868-1988*

Physician of record signature: *Steven Mann DO*    Date:

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 03 7:02 PM-13CV005645

Franklin County Ohio Clerk of Courts of the Common Pleas- 2013 Jul 03 7:02 PM-13CV005646

0B237 - X82

## U.S. HealthWorks
MEDICAL GROUP

WC Worksheet
New Patient

10-858586

**MA NURSE NOTES** Dominant hand: ☑ Right ☐ Left        Allergies: _NO_

Medications: _NO_

☐ Yes ☑ No  History of ulcers or gastritis?        ☐ Yes ☑ No  Possibly pregnant? ___ Problems/Skin effects: ___

Last Tetanus Toxoid: ~ 10 Years

**Occupational History:**

Job Title: _CLAMP TRUCK OPERATOR_        Length of employment with company: _3_ yrs   Average hours per week ___ 50 hrs

Main Job Characteristics At The Time Of Injury:

☑ Sit down job        ☐ Prolonged standing or walking        ☐ Repetitive use of hands/ keyboard/ mouse        ☐ Kneeling or squatting
☐ Bending        ☐ Stooping        ☐ Climbing        ☐ Overhead work        ☐ Operating hand tools / Machinery
☐ Lifting / Pulling / Pushing        ☐ Up to 10 lbs.   ☐ Up to 25 lbs.        ☐ Up to 50 lbs.   ☐ Up to ___ lbs.   Other: _Drives_

☐ Yes ☑ No  Any lost work time?  If Yes, specify number of full days lost ___ and last date worked ___
☐ Yes ☑ No  Any other sources of employment?  If Yes, specify: ___
☑ Yes ☐ No  Any sports or hobbies?  If Yes, specify: _WALKING, BASEBALL_
☐ Yes ☑ No  Any previous treatment for the complaint(s) before coming to U.S. HealthWorks?  If Yes, specify: ___

Chief Complaint: _LEFT SHOULDER PAIN / TIGHTNESS_

Ht: _5 9_ in   Wt: _155_ lbs   Pulse: _56_ /min   BP: _126/82_ mmHg   Resp: _12_ /min   Temp: _98.9_ °F

Completed by: ___

**PHYSICIAN HISTORY** (Explain any Yes answers below)

☐ Yes ☑ No  Chemical / toxic exposure involved?
☐ Yes ☑ No  Any previous occupational injuries or illnesses?
☑ Yes ☐ No  Any pre-existing condition that could complicate or prolong the patient's diagnosis, treatment, and/or rate of recovery?

Ⓡ rotator cuff injury — 2002

RECEIVED

History of Present Illness/Injury: (Describe below the mechanism of injury, progression of illness, and the characteristics of the chief complaint)

_State, he was hit on Ⓡ side of jeep by another jeep. ___ traveling 5-7 mph, other jeep was 12-14 mph prior to impact. ___ Not sure at time of impact. He feels "tense" over Ⓡ side of anterior chest wall & shoulder along superior trapezius ___ Accident occurred at 10³⁰ am today. No first level provided at time of accident._

Chief Complaint #1: Ⓡ shoulder
Location: _Superior trapezius m._
Quality: ☐ Faint ☐ Sharp ☐ Dull ☐ Tingling ☐ Burning
Severity: ☐ Minimal ☑ Mild ☐ Moderate ☐ Severe
Duration: _< Min ___ Hours ___ Days
Timing: ☐ Occasional ☐ Intermittent ☑ Constant
Context: ___
Modifying Factors: Exacerbated by: _certain motion_
        Lessened by: _rotation & pain_
Relevant History. Comments:

Chief Complaint #2: ___
Location: ___
Quality: ☐ Faint ☐ Sharp ☐ Dull ☐ Tingling ☐ Burning
Severity: ☐ Minimal ☐ Mild ☐ Moderate ☐ Severe
Duration: ___ Min ___ Hours ___ Days
Timing: ☐ Occasional ☐ Intermittent ☐ Constant
Context: ___
Modifying Factors: Exacerbated by: ___
        Lessened by: ___

☑ As part of my evaluation, I reviewed the information above, as well as the patient's Medical, Family and Social History and the Review of Systems collected today.

Provider Signature

KENCO/WHIRLPOOL                     15768

DOS:10/01/10 DOI:10/01/10 DOB: ___

☐ DOCUMENTATION ABOVE.

WC Worksheet
New Patient

Patient: CLEMONS, CORNELIUS

Incident #: ___        Date: ___

Case # : 640-106520 Ref # :

© US HealthWorks