IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cornelius J. Clemons,

    Plaintiff,

  v.                     Case No. 2:17-cv-0213

                          JUDGE GEORGE C. SMITH
Ohio Bureau of Workers      Magistrate Judge Kemp
Compensation, et al.,

    Defendants.

REPORT AND RECOMMENDATION

Plaintiff Cornelius J. Clemons, a non-prisoner *pro se* litigant, filed this action seeking leave to proceed *in forma pauperis*. Mr. Clemons qualifies financially for *in forma pauperis* status, so his motion for leave to proceed (Doc. 1) is granted. For the reasons set forth below, the Court will recommend that the complaint be dismissed as barred by the doctrine of *res judicata*.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if... (B) the action... is frivolous or malicious [or] fails to state a claim on which relief can be granted..." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which

does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. See Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

II.

Mr. Clemons filed this case on March 14, 2017, against Defendants, the Ohio Bureau of Workers' Compensation ("BWC"); its Administrator, Stephen Buehrer; and its Board of Directors. In his complaint, Mr. Clemons alleges that the State of Ohio is contractually obligated to pay him $1,829,078.00 in damages arising from an injury which occurred in the course of his employment and which was acknowledged in BWC claim number 10-858586. (Doc. 1-1 at 87). Mr. Clemons states that Defendants' failure to compensate him is a breach of contract and a violation of his constitutional rights. He seeks compensatory damages and/or a writ of mandamus ordering the BWC to pay him $1,829,078.00.

By way of additional background, Mr. Clemons has pursued compensation from the BWC in relation to the same set of facts in a number of forums. He first pursued his claims in the Franklin County Court of Common Pleas, where the court dismissed the complaint against the State of Ohio and several state employees for lack of subject matter jurisdiction. See Clemons v. Ohio Bureau of Workers' Compensation, et al., 13CVC05-5646,

slip op. (Aug. 5, 2013). Mr. Clemons appealed to the Ohio Court of Appeals Tenth Appellate District, which affirmed the trial court's decision. See Clemons v. Ohio Bureau of Workers' Compensation, et al., 2014 WL 1347755 (Ohio App. 10th Dist. Mar. 27, 2014). Mr. Clemons next filed a complaint for a writ of mandamus in the Ohio Supreme Court. The Respondents, the Ohio Bureau of Workers' Compensation's Administrator, Steve Buehrer, acting in his official capacity and the Board of Directors, acting in its official capacity, filed a motion to dismiss. The Supreme Court of Ohio granted the motion and dismissed the case. See State of Ohio ex rel. Cornelius Clemons v. Board of Directors of Ohio's Workers Compensation and Steve Buehrer, Administrator of Ohio Bureau of Workers' Compensation, No. 2014-1138, slip op. (Sept. 24, 2014).

Mr. Clemons, alleging violations of his constitutional rights and conversion of his property, then filed an action against the same parties relating to the same BWC claim in this Court on March 18, 2015, and also sought a writ of habeas corpus. That case was dismissed pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief may be granted. The Court concluded that (1) Eleventh Amendment immunity barred Mr. Clemons' monetary claims and his request for declaratory relief as to all the defendants; and (2)Mr. Clemons was not in custody and thus not a proper petitioner for a writ of habeas corpus. Clemons v. Ohio Bureau of Workers' Compensation, et al., No. 2:15-cv-964 (Doc. 14, January 4, 2016). Mr. Clemons appealed that decision to the Sixth Circuit Court of Appeals, which affirmed this Court's judgment. Clemons v. Ohio Bureau of Workers Compensation, et al, No. 16-3095 (August 18, 2016).

Mr. Clemons then filed a second action against the same parties relating to the same BWC claim in this Court on

- 3 -

September 2, 2016 in an attempt to address the Court's grounds for dismissal of the complaint in the first action. That case was also dismissed pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief may be granted. The Court concluded that Mr. Clemons' second action was barred by the doctrine of res judicata due to the dismissal in the first action. Clemons v. Ohio Bureau of Workers' Compensation et al., No. 2:16-cv-846 (Doc. 12, February 17, 2017). Mr. Clemons appealed that decision to the Sixth Circuit Court of Appeals, but later voluntarily dismissed the appeal. Clemons v. Ohio Bureau of Works Compensation, et al., No. 17-3216 (March 24, 2017).

Mr. Clemons then filed a third action against the same parties relating to the same BWC claim in this Court on February 28, 2017. He named the same defendants and cited the same BWC claim number as the previous two cases in this Court. Mr. Clemons voluntarily dismissed this case on March 1, 2017. Clemons v. Ohio Bureau of Workers' Compensation, et al., No. 2:17-cv-175 (Doc. 4).

In his current filing, Mr. Clemons once again alleges the same amount of harm arising out of the same BWC claim against the same defendants. While the complaint is not identical to the previously filed complaints, it clearly arises out of the same set of facts and circumstances.

III.

The instant complaint is essentially an attempt to have the Court once again reconsider the claims which were previously dismissed. "The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action."

Harris v. Ashley, No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998)(per curiam)(quoting Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir, 1995), quoting Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The doctrine applies not only to issues which were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought forward at the time." Id. at *3 (internal citations and quotation omitted); see also Parker v. Gibbons, 62 Fed.Appx. 95, 96 (6th Cir. Apr. 1, 2003), citing J.Z.G. Res., Inc. v. Shelby Ins. Co., 84 F.3d 211, 213 (6th Cir. 1996)("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented"). Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or ... the same core of operative facts." Browning v. Levy, 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002)(internal citation and quotation omitted); see also Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 (6th Cir. 2006). To promote the interests of judicial economy, a district court may raise the doctrine of *res judicata sua sponte*, see Holloway Construction Co. v. United States Dept. of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989), and other courts within this circuit have dismissed complaints on that ground as

part of the screening process required by §1915(e).  See e.g., In re Muhammad, 2014 WL 5343363 (S.D. Ohio Oct. 20, 2014); Curry v. City of Mansfield, 2014 WL 584798 (N.D. Ohio Feb. 11, 2014); Hawkins v. Linden Yards Apartments, 2014 WL 1256419 (W.D. Tenn. March 26, 2014).

Applying the Browning factors, the Court finds that: (1) Mr. Clemons' action has twice been adjudicated by this Court, a court of competent jurisdiction (See Case No. 2:15-964; 2:16-846) (2) the present action involves the same parties as his previous actions; (3) the present action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior actions; and (4) the claims arose out of the same transaction or series of transactions and the same core of operative facts.  Mr. Clemons refers to the exact same BWC claim number and seeks the exact same amount of compensatory damages as the previous two actions.  Because Mr. Clemons' suit is barred by the doctrine of *res judicata*, the Court need not address the legal arguments set forth in Mr. Clemons' complaint nor repeat its analysis which led to the judgment against him in the first litigation.

## IV.  Recommendation

For all of the reasons above, Plaintiff's motion for leave to proceed in forma pauperis is granted.  It is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief may be granted, and that any pending motions be denied.

## V.  Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge